MARGARET WRIGHT and another *vs.* EDWARD ROACH.

In an action for deceit in the sale of a farm, the measure of damages is the difference between the actual value of the farm, when sold, and the value of such a farm as it was represented to be.

To such sum may be added as damages a sum equivalent to interest from the date of the conveyance.

ON EXCEPTIONS to the rulings of *Goddard*, J., of the superior court for the county of Cumberland.

Action for alleged deceit in the sale of a farm in Falmouth.

There was considerable evidence tending to show fraudulent misrepresentations as to the quantity and quality of the crops usually raised upon the premises in question, and as to the quality of its soil.

The sale and conveyance were made in February, 1868, when the place was covered with snow.

After giving unexceptionable instructions touching the particular propositions necessary for the plaintiffs to establish in order to enable them to recover, the presiding judge instructed the jury on the question of damages.

That the measure of damages was the difference between the price the plaintiffs paid for the farm and what the farm was worth.

The verdict was for the plaintiffs, for $957.48, and the defendant alleged exceptions.

*Bion Bradbury* and *J. O'Donnell*, for the defendant, on the question of damages, cited *Herrin* v. *Libby*, 36 Maine, 350; Sedgwick on Dam. (5th ed.) 655, 658; *Whitney* v. *Allaire*, 1 Coms. 305; *Stiles* v. *White*, 11 Met. 356; *Tuttle* v. *Brown*, 4 Gray, 60.

*J. D. & F. Fessenden* and *N. Webb*, for the plaintiffs, cited, on the question of damages, Sedgwick on Dam. 559; *Moulton* v. *Senter*, 39 Maine, 290; *Morrell* v. *Colden*, 13 Johns. 403; *Sherwood* v. *Sutton*, 5 Mason, 1; 2 Hillard on Torts, c. 17, § 6.

DANFORTH, J. No question is raised by the exceptions but that in relation to damages. The jury were instructed that the damages would be the difference between the actual value of the farm conveyed and the price paid for it.

This is not the measure adopted by the later and better authorities. The true rule, as now settled, is the difference between the value of the farm as represented, and the actual value as it was when conveyed. In other words, how much more would the farm have been worth if the several representations made by the defendant, which were proved to be at once false, fraudulent, and material, had been true. Sedgwick on Dam. (5th ed.) 333, 655, and 658. *Stiles* v. *White*, 11 Met. 356.

To such sum may be added as damages a sum equivalent to interest from the time when the conveyance was made. *Moulton* v. *Senter*, 39 Maine, 287. *Brannin* v. *Johnson*, 19 Maine, 362.

*Exceptions sustained.*

APPLETON, C. J.; CUTTING, KENT, WALTON, and TAPLEY, JJ., concurred.