GRIFFING v. DILLER et al.

(Supreme Court, General Term, First Department. December 16, 1892.)

1. DECEIT—FALSE REPRESENTATIONS AS TO VALUE.
Though false representations as to the value of land are not alone sufficient to sustain an action for damages suffered in an exchange of lands in reliance on such representations, yet such misrepresentations, in connection with others as to the net revenues derived from the land, are sufficient to support such an action, and to entitle plaintiff to recover.

2. SAME—REAL-ESTATE AGENT—STATING SOURCE OF INFORMATION.
A real-estate broker is not liable to a customer for false representations respecting land, where he states that his information is derived from his principal, and the facts respecting which the representations are made are not such as would be peculiarly within his knowledge.

3. SAME—RELIANCE ON REPRESENTATIONS.
The fact that an intending purchaser of land wrote to the owner that she had inspected the premises, and that she did not believe that the rents would yield any income above expenses, will not prevent a recovery by her for the subsequent fraudulent representation by the owner that the rents yielded $1,000 annually above all expenses, in reliance on which the bargain was consummated.

4. SAME—LACHES.
Laches which may prevent the purchaser from rescinding the contract will not prevent her from maintaining an action for the damages sustained by the fraudulent misrepresentations, where such action is not barred by any statute of limitations.

5. SAME—CONSPIRACY—RECOVERY AGAINST SINGLE DEFENDANT.
The gravamen of an action against a real-estate broker and his principal, charging them with having entered into a conspiracy to defraud plaintiff out of her property by inducing her to exchange it for the principal's property, by means of false and fraudulent representations, is the fraud and the damages sustained thereby; and a recovery may be had against the principal for the fraud, though the conspiracy is not made out.

Appeal from circuit court, New York county.

Action by Jane R. Griffing against William E. Diller and Frederick A. Condit for damages suffered from a conspiracy alleged to have been entered into between defendants to induce plaintiff to exchange her land for land owned by defendant Diller, by means of false and fraudulent representations as to such land. From a judgment entered on a verdict in plaintiff's favor, and from an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

Fettretch, Silkman & Seybel, (Joseph Fettretch, of counsel,) for appellant Diller.

Cannon & Atwater, (H. G. Atwater, of counsel,) for appellant Condit.

McMahon & Handley, (Dennis McMahon, of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought against the defendants to recover damages for fraud sustained by the plaintiff in consequence of an exchange of property brought about by the joint fraudulent misrepresentations of the defendants. It appears that the plaintiff was the owner of certain property in New Canaan, Conn., and the defendant

Diller was the owner of certain real estate in the city of New York, consisting of an apartment house at the southeast corner of 124th street and Fourth avenue, which the defendant Condit had in his hands for sale or exchange. It was claimed upon the part of the plaintiff that her property was worth $11,000 over and above the incumbrances thereon, and that the defendants represented to her, to induce her to exchange said properties, and relying upon which representations she did so exchange, that the defendant Diller's property was worth $65,000, or $20,000 over and above the incumbrances; and that its rental production was $1,000 per annum over and above all charges connected therewith; and that the apartment house was in good order, and well rented. The evidence shows that most of the conversations with respect to this apartment house were with the defendant Condit, the broker in whose hands this house was placed for disposition; and without stating in detail the evidence, it is sufficient, for the purposes of this appeal, to refer generally to the same, after considering one or two points of law which are raised upon the part of the appellants.

It is urged that the testimony with regard to the alleged value of the property, and the statements in respect to such value, were entirely immaterial, and could form no basis for a judgment upon the ground of fraud, because it is a well-settled principle that mere false representations as to value give, of themselves, no cause of action. Chrysler v. Canaday, 90 N. Y. 272. But it is also equally well settled that, when such false and fraudulent representations are accompanied by other acts, such evidence may become competent, and form the basis of a claim. In the case at bar there were other representations in connection with these assertions as to value, the truth of which representations would naturally be particularly within the knowledge of the defendant Diller; and that was as to the amount of rent which these premises produced. The evidence in regard to the whole transaction, therefore, was competent, if there was anything in respect to these representations as to rent which made a proper case to go to the jury. It is proper here to state that, as far as the defendant Condit is concerned, there is no evidence of any fraudulent representation whatever in respect to the value of the property or as to the rent. Those things which he stated in this regard appear by the evidence to have been stated by him to the plaintiff as coming from the defendant Diller, and that this was the source from which he derived his knowledge. There is no evidence that he made any misrepresentation in regard to the facts which Diller had stated to him in respect to this property. Therefore, as far as the defendant Condit is concerned, if there were any false representations made, he was not responsible therefor, inasmuch as he gave the sources of his information, and the facts were not such as would be peculiarly within his knowledge.

In respect to the defendant Diller, however, there is proof upon which the jury had a right to find that he made personal representations that these premises rented for $1,000 over and above the charges thereon, and that the net income derived therefrom would amount to this sum. This representation, it appears, is untrue. It was something peculiarly

within his knowledge, and the plaintiff in this action had a right to rely thereon. She swore she did so rely; and if the jury believed that she did, and found that the representation was false, then an action might be maintained against the defendant Diller.

It may be urged that it is apparent from the evidence that the plaintiff did not rely upon this representation, because she wrote a letter in which she stated that she had been to see the house, and that she thought it, as far as she could judge, a very nice and desirable house, but from the rents received she thought the income of it, over and above the interest, taxes, repairs, and renting expenses, must be very little, etc. But it is to be observed that it was after this letter that the representation in regard to the amount of the rents was made by the defendant Diller. In other words, Diller represented to her that the information which she had gotten by her visit to the house was erroneous, and that instead of the surplus being very little, if anything, it was about $1,000. This was clearly something upon which the plaintiff had a right to rely; and if she did so rely, as already stated, she would have a cause of action against the defendant Diller.

But the question is further raised that the plaintiff waited too long before she attempted to rescind, and that, having thereby accepted the bargain, she cannot maintain this action. Even if she had no right to rescind by reason of her laches, she was not barred by any statute of limitations from recovering the damages sustained by the fraud. It has been settled, ever since the case of Wardell v. Fosdick, 13 Johns. 325, that a vendee defrauded by false representations has an election of remedies: First, he may rescind; or, secondly, he may recover damages for the fraud; and this is the nature of the action at bar. And it is equally well settled that, in an action for conspiracy, the gravamen of the action is fraud and damage sustained thereby, and that a recovery may be had against one defendant for the fraud, although conspiracy was not made out. Buffalo Lubricating Oil Co. v. Standard Oil Co., 42 Hun, 153, affirmed 106 N. Y. 669, 12 N. E. Rep. 825. Therefore, although no case was made out as against the defendant Condit, yet a verdict may be maintained as against the defendant Diller. Upon the whole case, however, as upon the previous trial it seems to have been inferred that there was some liability against the defendant Condit, and this may have affected the question as to the defendant Diller, we think there should be a reversal as to both defendants, and a new trial. The judgment and order should be reversed, and new trial ordered, with costs to appellant to abide event.

O'BRIEN, J., concurs in result.

LAWRENCE, J. I concur in the opinion that the judgment should be reversed as to Condit, but think it should be affirmed as to Diller.