J. L. Stevens *et al.* v. W. J. Allen.

1. False Representations, *Party Making, When Liable.* Where a party fraudulently makes material representations, which he avers to be true, with the intention that they shall be acted upon, and these representations are actually relied upon by the other party in completing negotiations of a purchase or trade, and then they prove false, to the injury of the party accepting them, the party making such false and fraudulent representations is liable therefor.

2. ———— *Materiality.* A false representation as to the condition, quality or other matters affecting the value of real estate, of which the person to whom the representations are made is contemplating a trade or purchase, is a false representation as to material facts.

3. ———— *Reliance Thereon.* When a party is exchanging or selling real estate situated in a distant county, so that an examination thereof cannot easily or readily be made, with a party away from the land, who accepts the land as described by the owner, the injured party can recover his damages for intentional false representations as to the condition, quality or other matters affecting the value of the real estate. Under these circumstances, the complaining party may rely upon the statements of the owner being true, without being guilty of such negligence as to preclude a recovery by him for the fraud practiced.

4. ———— *Knowledge of Falsity.* Where a wife, in the presence of her husband, makes representations concerning the condition, quality and value of real estate which her husband owns, and is about to exchange or sell to another person, and, at the same time, informs such other person "that she has never seen the land; that she does not know the land, or have any personal knowledge thereof, but makes the statements from what her husband has told her about it," and the wife has no interest in the land, and is not benefited by the exchange or sale thereof, she is not liable for damages for such representations, even if false, in the absence of all proof that she knew such statements were false and untrue, as she did not make the same upon her own knowledge, but informed the party to whom she made them, at the time, that she obtained her information from her husband.

*Error from Cowley District Court.*

THE facts in this case are substantially as follows: *Wealthy J. Allen* was the owner of a patent combined ironing board, stepladder and bosom and sleeve board for 16 states and territories, in which the patent was of the estimated value of

$1,000.   In the year 1888, *J. L. Stevens* claimed to own certain real estate and farm property in Riley county, in this state, containing about 80 acres of unimproved land.   In the fall of that year a trade and exchange were in process of negotiation between the parties, whereby Mrs. Allen, in consideration of the conveyance to her of the 80 acres of land in Riley county, was to sell and transfer to J. L. Stevens her interest in the patent in certain territory   During the progress of the negotiations, and for the purpose of inducing Mrs. Allen to make an exchange and to sell and transfer her patent for the land, both J. L. and R. C. Stevens and each of them represented to Mrs Allen that the land was very valuable, of at least $16 per acre; that the land was well watered with good running creek and springs; that there was good bottom land on it; that 60 acres of the 80 acres were good, tillable plow land, and the remaining 20 acres good pasture; that there was plenty of good timber on the land, and that 15 acres of it had been plowed and put in sod corn; and that J. L. Stevens had good title thereto.   Mrs. Allen claims that, during the negotiations for the trade and exchange, and at the time that such trade and exchange was made, she lived in Arkansas City, in this state, at a great distance from the land; that she had no opportunity to examine the same, but trusted entirely to the representations of the Stevenses; that she relied upon their representations, and was induced thereby to, and did, make an exchange and transfer to J. L. Stevens of the patent in the territory owned by her, and gave her promissory note in addition for the sum of $100, for the conveyance to her of the 80 acres. After the conveyance was made, Mrs. Allen claims she discovered that the representations of the Stevenses were wholly false; that there were not 60 tillable acres on the land; that it was rough, cut up by ravines running through it, stony, and wholly unfitted for farming; that it was not well watered; that it had little or no timber, and was worth only $3 to $5 per acre; that J. L. Stevens had no good title to the same. Before commencing this action Mrs. Allen offered to reconvey

the land, but this was refused. She then brought her action for false representations and deceit. The case was tried before the court, with a jury, who assessed her damages at $367.50. J. L. and R. C. Stevens excepted to the rulings and judgment, and bring the case here.

*Eaton, Pollock & Love,* and *Stanley & O'Hare,* for plaintiffs in error:

The trial court erred in overruling the separate demurrer of the defendant R. C. Stevens to the evidence of plaintiff ·against her.

There is not a syllable of competent evidence upon which a verdict for damages for deceit can be founded against her, and her separate demurrer to the evidence should have been sustained. 2 Warv.Vend., pp. 965, *et seq.*, and cases there cited; 5 Am. & Eng. Encyc. of Law, p. 318; *Edgington v. Fitzmaurice,* Eng. Ct. App., 22 Cent. L. J. 81; *DaLee v. Blackburn,* 11 Kas. 190.

The instructions of the court to the jury were misleading and erroneous.

The judgment of the court is not sustained by the evidence, and should be reversed.

The court erred in admitting evidence of plaintiff against defendants as to mere matters of opinion.

*Peckham & Peckham,* for defendant in error; *T. S. Brown,* of counsel:

Plaintiffs' first assignment of error is, that the separate demurrer of R. C. Stevens to the evidence was overruled, and therein the court erred. In *Mo. Pac. Rly. Co. v. Pierce,* 39 Kas. 391, this court has held that

"Where a demurrer has been interposed to the evidence, and by the court overruled, such ruling will not be disturbed unless it is shown that no competent evidence was given at the trial tending to support the issues framed by the pleadings. . . . . If any competent evidence was given, then this court will not disturb the judgment of the trial court, although

we might believe no sufficient evidence had been given on which, had we been trying the case, we would have rendered the judgment."

This leads to the second assignment of error, to wit: There is not found in the record a syllable of competent evidence against this defendant. It is submitted that the testimony of Mrs. Allen is competent evidence tending to support the verdict. The weight and sufficiency of it is a question for the jury, and is not open to consideration here. The demurrer was very properly overruled.

Under these assignments of error, it is contended by counsel that R. C. Stevens had no interest in the land, and received no interest in the patent, and was not in any way benefited by the exchange, and is consequently not liable in damages for any representations, however false, she may have made in furtherance of the transaction. This is not the law. The law is, that it is not necessary that she be benefited, to render her liable for her false representations. *Busterud v. Farrington*, 36 Minn. 320; *Endsley v. Johns*, 120 Ill. 469. See, also, *DaLee v. Blackburn*, 11 Kas. 190; *Stimpson v. Helps*, 9 Colo. 33; *Evans v. Edmonds*, 13 C. B. 777, 786; *Lynch v. Trust Co.*, 18 Fed. Rep. 486; *Caldwell v. Henry*, 76 Mo. 254.

As to the third assignment of error: Counsel for plaintiff in error quibble over certain instructions, and are unfair in their treatment of others. The rule is well established that "Instructions are to be considered and construed together as a whole." *The State v. Dickson*, 6 Kas. 209; *Gillett v. Corum*, 7 id. 161; *The State v. Bohan*, 19 id. 55.

The fourth assignment of error considered in the brief of counsel for plaintiffs in error is, that "The judgment of the court is not sustained by the evidence, and should be reversed." This assignment of error is not made a ground of error in the petition in error filed by plaintiffs in error in this court, and cannot be entertained here. *Brown v. Rhodes*, 1 Kas. 359. See, also, *Beal v. Codding*, 32 Kas. 107; *Radway v. Ellis*, 37 id. 256.

The fifth assignment of error is, that there was error in ad-

mitting evidence of plaintiff as to mere matters of opinion. The only ground of objection in the court below, as shown by the record, was that it was immaterial; and the ground now raised by counsel was not presented to the court below, was not considered by that court, and was not passed upon. *Edmondson v. Beals*, 27 Kas. 656; *Botkin v. Livingston*, 16 id. 41.

The opinion of the court was delivered by

HORTON, C. J.: This was an action in the court below for fraud and deceit in a land trade. It is contended that the trial court erred in overruling the demurrer of Mrs. R. C. Stevens to the evidence; also, that there is absolutely no evidence whatever upon which to base the verdict returned and the judgment rendered against her. The land traded was the separate property of J. L. Stevens, the husband of Mrs. Stevens. She had no interest therein, excepting as his wife. The patent right owned by Mrs. Allen was transferred to J. L. Stevens, not to Mrs. Stevens. In signing the conveyance of the land to Mrs. Allen, Mrs. Stevens did so as the wife of J. L. Stevens, and for the purpose of transferring or relinquishing her inchoate interest. It appears from the evidence that Mrs. Stevens, in company with her husband, went to the house of Mrs. Allen before the deeds were exchanged, and made statements about the land. Mrs. Allen, however, testified that Mrs. Stevens informed her "she had never seen the land;" that "she made the statements from what her husband had told her about it;" that "she did not know the land herself." She did not pretend to have any personal knowledge thereof.

It is not necessary, in an action for false representation as to the condition, quality or other matters affecting the value of property, that the person making the representation should derive any benefit from the deceit. But in this case it does not appear that Mrs. Stevens had any knowledge of the falsity of the representation she made, and it further appears that she informed Mrs. Allen that all she said about the land was obtained from her husband, who was present at the interview.

For aught that appears, the statements of Mrs. Stevens may have been made innocently, honestly, and in good faith. (*Da-. Lee v. Blackburn*, 11 Kas. 190; 2 Warv. Vend., p. 965, and cases there cited; 5 Am. & Eng. Encyc. of Law, 318; *Edgington v. Fitzmaurice*, 22 Cent. L. J. 81.) Therefore, we think that her demurrer to the evidence should have been sustained, and we also think that there was no competent evidence upon which to rest the judgment against her. Although Mrs. Stevens derived no benefit from the trade, if she had made the statements as of her own knowledge, or if it had been shown that she knew that the statements were false, or had any reason to consider them false, a liability might have attached to her.

The other errors assigned concern J. L. Stevens, the owner of the land, who made the trade with Mrs. Allen, but none of these alleged errors are sufficient to cause any reversal of the judgment of the trial court against him. Stevens had seen the land, knew its condition, quality, and value. The representations he made were of material facts. Mrs. Allen was induced to trade for the land and pay much more than its value by reason of these false and fraudulent representations. They were evidently made for the purpose of deception, and with full knowledge of their falsity. (*DaLee v. Blackburn*, supra; *Nolan v. Cain*, 3 Allen, 263; *Brown v. Rice's Adm'r*, 26 Gratt. 467; *Hull v. Fields*, 76 Va. 607; *Busterud v. Farrington*, 36 Minn. 320; Grinnell, Deceit, 41–64; *Medbury v. Watson*, 6 Metc. 246, 39 Am. Dec. 726.)

Under the circumstances of this case, Mrs. Allen was excusable for not verifying the accuracy of the statements made by J. L. Stevens by actual inspection of the land, which was many miles distant from where she resided. (*Endsley v. Johns*, 120 Ill. 469; *Miner v. Medbury*, 6 Wis. 295; Kerr, Fraud & M. 80; *Hale v. Philbrick*, 42 Iowa, 81; *Carmichael v. Vandebur*, 50 Iowa, 651; *The State v. McConkey*, 49 id. 499.)

"If a vendor of land makes express representations of title which are fraudulent, and even so appear by the record, he is

responsible for the misrepresentations to the vendee." (*Claggett v. Crall*, 12 Kas. 393; *Bailey v. Smock*, 61 Mo. 213; *Kiefer v. Rogers*, 19 Minn. 32.)

The judgment of the district court against J. L. Stevens will be affirmed, but the judgment against Mrs. Stevens will be reversed, and the cause remanded, with direction that the trial court sustain her demurrer to the evidence, and render judgment in her favor, for the want of any evidence to sustain the judgment.

All the Justices concurring.