## KINNEAR et al. v. PROWS et al.

No. 5039.   Decided December 14, 1932.   (16 P. [2d]   1094.)

*C. R. Bradford,* of Salt Lake City, for appellants.

*Claude F. Baker,* of Eureka, and *J. C. Halbersleben,* of Provo, for respondents.

FOLLAND, J.

This is an action for damages on account of alleged fruaudulent representations which it is claimed induced plaintiffs to convey to defendants certain improved real estate in Provo, Utah, of the value of $4,800. The com-

plaint alleges that plaintiffs agreed to sell and sold and transferred to defendants their real estate at the agreed price of $4,500 and received in consideration therefor $1,000 cash; 500 shares of stock in Provo Brick & Tile Company valued at $500, and 6,000 shares of Willow Bend Ranch Company stock valued at $3,000. It is alleged that certain representations made by the defendants, and relied on by plaintiffs, induced them to part with their property. The representations alleged to be false and fraudulent are: (a) That the ranch property of the Willow Bend Ranch Company was worth $55,000; (b) that this property was about to be sold for $30,000; (c) that the ranch was doing well and was a paying business; (d) that 5,000 shares of the ranch company stock was of the value of $3,000; (e) that on a sale for $30,000 the owner of the 5,000 shares would receive in cash $3,000; (f) that the stock was nonassessable; (g) that the capital stock of Provo Brick & Tile Company, 500 shares of which plaintiff took at a value of $500, was as good as gold; (h) that this stock had been sold for $1.25 a share; and (i) that the corporation paid annual dividends of 10 per cent on its stock.

The cause was tried to the court and a jury. At the close of plaintiffs' evidence defendants moved for a nonsuit specifying six grounds. The court granted the nonsuit and mentioned in his ruling that he did so upon the ground that "there is no evidence of damage sufficient to go to the jury." While numerous alleged errors have been assigned by appellants, the only assignments relied on go to the sustaining, by the court, of the motion for nonsuit and the entry of judgment of dismissal of plaintiffs' complaint. Two grounds only are relied upon and argued in the brief of respondent to sustain the judgment of the court: (1) That the cause is barred by the statute of limitations, Comp. Laws Utah 1917, § 6468, subd. 4; and (2) that "plaintiffs have not proven any damages or if any in what amount they have suffered" by the alleged false representations. It is necessary to discuss only the second ground.

The elements necessary to constitute actionable fraud are stated in the first headnote of *Stuck* v. *Delta Land & W. Co.*, 63 Utah 495, 227 P. 791, as follows:

"Elements of 'actual fraud' consist of (1) a representation; (2) its falsity; (3) its materiality; (4) speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by person and in manner reasonably contemplated; (6) hearer's ignorance of its falsity; (7) his reliance upon its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury."

For the purpose of this decision we need discuss only the question as to whether the evidence shows an injury or damage to plaintiffs by reason of the alleged false representaions. This court in *Guaranty Mortgage Co.* v. *Flint,* 66 Utah 128, 240 P. 175, 179, quotes with approval from 2 Fletcher, Cyc. Corps. § 625, as follows:

"To constitute fraud, there must be some injury. In no case can a subscriber for shares avoid his subscription because of false representations, if he has not been injured or prejudiced thereby."

The measure of damages applicable to this situation is stated in 27 Cyc. p. 92, § 243, as follows:

"The measure of the damages sustained by the purchaser where a purchase has been induced by fraud, is, according to the weight of authority, the difference between the real value of the property purchased and the value which it would have had had the representations been true."

This rule has been adopted as the correct measure of damages in *Hecht* v. *Metzler,* 14 Utah 408, 48 P. 37, 60 Am. St. Rep. 906.

It is apparent from a reading of the alleged fraudulent representations relied on that many of them are mere expressions of opinion which do not constitute actionable fraud. Not all the representations were shown to be false. There are, however, sufficient allegations of false representations supported by the evidence to

warrant a submission of the case to the jury provided there is proof of injury or damage sustained by plaintiffs because of such false representations. No attempt was made to prove the value of either of the stocks if the representations made had been true, but it may be assumed that such stocks, if the representations had been true, would be worth at least the amount placed upon them in the contract of sale, that is $3,000 for the Willow Bend Ranch Company stock and $500 for the Provo Brick & Tile Company stock. 27 C. J. 94. The alleged representation that the Provo Brick & Tile Company stock paid dividends of 10 per cent annually was such a material representation which, if false and relied on, would support an action for fraud. It was stipulated that this company had not paid dividends on its stock for several years prior to 1925. There is no evidence whatever of the real or market value of this stock at the time it was transferred to plaintiffs, or of the financial condition of the company, and hence no evidence of injury or damage by reason of such false representations. We cannot presume the value to be less than represented because it might well be that earnings of the corporation, if any, remained in the treasury or were used to extend and develop the property and business of the corporation, in which event the value of the stock might be equal to or greater than as represented. The only evidence from which an inference of value might be drawn was that late in the year of 1925 after an assessment had been levied on the Willow Bend Ranch Company stock, amounting to $500 on the 5,000 shares transferred to plaintiffs, the officers of the ranch company stated to plaintiffs that they would accept the 500 shares of Provo Brick & Tile Company stock in payment of this $500 assessment. With respect to this particular item there was therefore no sufficient evidence to go to the jury on the question of injury or damage.

An attempt was made to prove the value of the Willow Bend Ranch Company stock at the time of the exchange contract in 1925 but the evidence does not meet the re-

quirements of the rule stated. The material allega-
tion with respect to this stock which would support
an action for fraud was the representation that the
stock was nonassessable. *Van Slochem* v. *Villard*, 207 N.
Y. 587, 101 N. E. 467. It is not disputed that the stock of
this corporation was assessable and that an assessment was
actually levied some months after the transfer had been
made from Prows to plaintiffs. The evidence tending to
show value was that this company in 1920 purchased 500
acres of land for $9,000; that it expended $810 for live stock,
built cottages on the land costing $597.28, and owned imple-
ments and other personal property inventoried at $2,799.03,
but which had cost more than that sum; that $6,000 was
spent in clearing part of the land in 1921, and expenses of
operation for other years amounting to $5,033.85, although
carried on the books as a loss, was really money spent in
developing the land to make it more valuable. These items
total $24,240.16. The company owed the sum of $8,134.92,
leaving a net value of $15,105.24. The 5,000 shares of stock
transferred by Prows to the plaintiffs represented a one-
fifth interest in the property. On this basis of value a one-
fifth interest would be worth in 1925, $3,221.05. The ap-
pellants argue that the net value of the corporate property
was not to exceed $4,261.39. To arrive at that conclusion
they have eliminated from the computation the amount of
money spent in breaking up and developing the land. Ap-
pellants justify their action in eliminating these expenses by
saying "that there is no evidence that these expenditures
enhanced the value of the land or what the breaking and
cultivation as an improvement on the land was worth." The
burden was on plaintiffs to show what, if any, value the
stock had, and, if they depended upon evidence of the actual
value of the property, they should have produced some evi-
dence of the reasonable market value or the actual value of
the property in its then condition, and cannot now complain
that the sums of money shown by them to have been ex-
pended by the company in breaking up new land and putting

it in condition for cultivation was improperly added to the original cost of the land in arriving at its present value. Appellants say in their brief that there were 55,000 shares of stock issued and that 5,000 shares represented merely a one-eleventh interest in the corporation, but there is no evidence to support this contention. The only conclusion justified by the evidence is that the 5,000 shares represented a one-fifth ownership of the ranch.

There being no evidence of damage or injury to go to the jury the judgment of the district court in granting a nonsuit and entering a judgment of dismissal of plaintiffs' complaint is affirmed. Costs to respondents.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.