SNYDER v. MARKHAM.

1. FRAUD—RESCISSION—MEASURE OF DAMAGES—INSTRUCTIONS TO JURY.

The correct measure of damages for fraud where plaintiffs rescinded and tendered back certain butter machines that they had been fraudulently induced to buy of defendant, together with an exclusive right to handle the machines in two counties, was the value of an automobile and a contract interest in land conveyed by them to defendant in consideration thereof, with interest at 5 per cent., and such reasonable expenditures as plaintiffs had made in reliance on the false representations, excluding from the verdict the value of machines on hand and tendered back, and deducting from the total so ascertained, the value of machines sold by plaintiffs.

2. SAME—HARMLESS ERROR.

No prejudicial error was committed by the court in permitting plaintiffs to recover for expenditures claimed to have been made, but not proved by any competent testimony, when the verdict was shown to have excluded such items.

3. SAME—TENDER.

And under evidence showing that defendant refused to accept a tender made by plaintiffs, who offered to return the property and contract rights received, plaintiffs would not be required to perform the idle ceremony of making a more formal offer.

Error to Kent; Perkins, J. Submitted October 16, 1912. (Docket No. 111.) Decided November 8, 1912.

Assumpsit by George C. Snyder and Edna E. Snyder against Lester B. Markham. Judgment for plaintiffs. Defendant brings error. Affirmed.

*Dunham & Dunham*, for appellant.
*Swarthout & Master*, for appellees.

BROOKE, J. This is an action of trespass on the case upon promises, in which plaintiffs seek to recover the

value of an automoble (worth about $600) and an equity in a land contract (valued at $200), together with certain moneys expended by them in undertaking to carry on the business contemplated by them in making the deal in question.

It appears that plaintiffs sold said automobile and assigned their interest in said land contract to defendant in consideration of an exclusive right to sell "butter doublers" in the counties of Ottawa and Allegan, Mich., together with 100 of the machines, known as "butter doublers." Plaintiffs charged that they were induced to negotiate the deal in question by reason of false and fraudulent representations made by defendant to them.

It is testified by plaintiff that after the discovery of the alleged fraud—

"I told him here I had not got the territory, and, another thing, the machine is not any good. It don't do the business represented to do. And I said: 'It simply mixes that milk in there, and the milk came right out again; and when it comes warm the milk sours: that the electric battery does not have anything to do with it. It does not sterilize the milk anyway, and you told me it would keep it sweet; it would sterilize the milk, so that the milk would keep sweet and keep the butter as nice as fresh butter until used, or at any time, and now it does not do that.' I said: 'I cannot handle that thing, or do anything with it.' And I says: 'I want my automobile back, and the equity in that lot, and you can take your counties and the machines.'

"Q. Would he do it?

"A. No; he said he would not do it.  *  *  *

"Mr. Swarthout: While Mr. Snyder is doing that, there is a tender I desire to make in furtherance of the tender that Mr. Snyder has already made to the defendant. I, at this time, tender in court the remaining numbers of this apparatus which Mr. Snyder got from Mr. Markham. I think there are 73 of them left, and these 2 I tender as samples of the bunch, and Mr. Markham is at liberty to get the others, as he has been all the way along. They are too bulky to bring into the courtroom, and I also tender back, as we have heretofore done, the contract of February 14, 1910, given by Mr. Markham and Stebbins

to George C. Snyder and Edna Snyder, covering these two counties of Ottawa and Allegan, and also the subjoined contract in regard to the sale of 100 doublers."

The court charged the jury in part as follows:

"The defendant, therefore, is liable to respond to the plaintiffs in such damages as naturally and proximately resulted from the fraud. He is bound to make good the loss sustained by the plaintiffs, as well as such moneys as the plaintiffs may have paid out in carrying out this transaction, together with interest thereon, which would include the fair market value of the property turned out by the plaintiffs to the defendant in the transaction, and any other outlay legitimately attributable to the defendant's fraudulent conduct. What the plaintiffs actually paid the defendant for the right and property secured may be considered by you in determining the loss the plaintiffs have sustained. If the rights or property secured by the plaintiffs in the transaction have any value in fact, that value must be determined by you, under the evidence, and applied in reduction of the plaintiffs' damages. This includes the machines sold by the plaintiffs and the moneys received therefor before the commencement of this suit. The plaintiffs will also be entitled to recover such damages as would be the natural and proximate consequence of the fraud complained of, and which the defendant, from his position, must have contemplated as the probable consequence of his fraud. This would include the necessary and reasonable expenses paid out by the plaintiffs in an endeavor to carry out, in good faith, the purposes of the transaction. You will therefore determine, under the evidence, the value of the property turned over by the plaintiffs to the defendant, together with the necessary expenses paid out by them in carrying out this contract before its repudiation, and the value of the property and rights secured from the defendant by the plaintiffs, strike a balance, and render your verdict accordingly, adding interest at 5 per cent. from March, 1910, to date. These instructions, gentlemen, exclude from your consideration the value of the machines on hand at the time the contract is claimed to have been repudiated, together with the value of the rights secured under the contract in Allegan and Ottawa counties. The plaintiffs claim that they tendered back to the defendant the contracts delivered to them, securing the exclusive right to sell these

machines in these two counties, and also tendered back the machines left on hand at Holland, which had been delivered under the contract, and that the defendant refused to receive them, denying substantially the right of the plaintiffs to terminate the contract. There is some question there, growing out of the fact that at the time this tender was made the plaintiffs had not discovered the falsity of the representations as to the sale of the Kent county rights to Mr. Vanderveen, and as to the effect of the dry cell battery upon the product of these machines. But I instruct you that it makes no difference, so far as the measure of damages in this case is concerned. The offer to turn the property back was made and refused, and the plaintiffs are entitled to the benefit of that offer in this action. So in striking this balance, or rather in determining the amount paid out by the plaintiffs in property and money in this transaction and the amount received by them before the repudiation, you will take into consideration the value of the property turned out, the automobile, and the equity in this lot, and such necessary and reasonable expenses as were paid out in an attempt to carry out the intent and meaning of the contract, on the one hand. On the other hand, such moneys as the plaintiffs may have received by the sale of these machines, or otherwise, if there is any testimony to that effect, in an attempt to carry out the terms and conditions of the contract. The balance will represent the amount you should find for the plaintiffs, if any. Upon this balance you will reckon interest at 5 per cent. from March, 1910, to date. If there is no balance, your verdict will be 'No cause of action.'"

Plaintiffs recovered a judgment in the sum of $873.73. The record contains the evidence of but one witness, plaintiff George C. Snyder. Defendant asserts that there are two questions involved:

(1) Whether or not the trial judge correctly stated the law upon the measure of damages.
(2) Whether or not the court correctly stated the law upon the question of tender.

We are of opinion that the correct measure of damages was laid down in the charge of the court, above quoted.

It is said by defendant that there is no evidence that the

plaintiffs had been put to any expense by reason of the contract between the parties up to the time the plaintiffs attempted to rescind.   The plaintiff did testify that he went to Holland and advertised for agents; that he again went to Holland the next week to see the agent in regard to delivering orders; and that he spent money for advertising and hotel bills.   The amount of such expense is not given by the witness; but that fact is not important, as it is apparent from an examination of the verdict that the sum awarded is exactly the value of the automobile and land contract, together with legal interest thereon from the date of the contract to the time of trial.

It is urged that no sufficient tender of the property was made.   Under the evidence in this case, we think no more formal tender was required.   When plaintiffs offered to rescind and turn back the contract and the "doublers," defendant "said he would not do it."   It is obvious that any further tender would have been an idle formality, which the law does not require.  *Lacy* v. *Wilson,* 24 Mich. 479; *Witt* v. *Dersham,* 146 Mich. 68 (109 N. W. 25); *Fournier* v. *Clutton,* 146 Mich. 298 (109 N. W. 425, 7 L. R. A. [N. S.] 179, 117 Am. St. Rep. 638, 10 Am. & Eng. Ann. Cas. 392).   See, also, 38 Cyc. p. 134 *et seq.,* and cases cited.

The judgment is affirmed.

MOORE, C. J., and STEERE, McALVAY, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.