COX *v.* HOLKEBOER.

1. FRAUD—RESCISSION—STATUS QUO.

A vendee who has been defrauded in the purchase of land and desires to rescind, must act promptly and place the vendor *in statu quo*, or offer to do so.

2. SAME—VENDOR AND PURCHASER—RESCISSION.

Where plaintiffs, claiming fraud in the sale of land to them on contract, moved off the premises, informing defendant why they had done so, offering to surrender the premises and contract, and demanding a return of the money paid, clearly indicating their intention to rescind, they did all they were required to do as a condition precedent to bringing suit; the contract being unrecorded no reconveyance was necessary.

3. SAME—RESCISSION—REFUSAL TO ACQUIESCE—STATUS QUO.

If further acts upon the part of plaintiffs had been necessary, in order to restore the *status quo*, defendant was in no position to insist upon them, after refusing to acquiesce in the rescission and informing plaintiffs that "he would fight them to the last ditch."

4. SAME—DAMAGES.

Plaintiffs were entitled to recover as damages the payments and taxes paid, with interest thereon, but not the rental value of the premises.

5. SAME—SPECIAL DAMAGES—PLEADING.

Special damages not having been pleaded, no recovery could be had for loss of wages or the expenses of moving onto the premises.

6. SAME—PRINCIPAL AND AGENT—STATUTES.

Act No. 238, Pub. Acts 1913 (3 Comp. Laws 1915, § 11981), declaring void all agreements to pay commission for the sale of real estate unless in writing, is not applicable to relieve defendant from liability for the fraudulent representations of his agent in the sale of land.

7. DAMAGES—CONDITIONAL JUDGMENT.

Where the judgment of the court below included damages

not authorized under the pleading, *held*, affirmed for the amount of payments, taxes and interest, conditioned upon plaintiffs' acceptance within 20 days.

Error to Ottawa; Cross, J. Submitted October 12, 1917. (Docket No. 114.) Decided March 27, 1918.

Assumpsit by Benjamin F. Cox and another against Henry Holkeboer and another for money obtained by fraud and deceit. Judgment for plaintiffs. Defendants bring error. Affirmed, conditionally.

*Colin P. Campbell,* for appellants.

*Charles E. Misner* and *Fred T. Miles,* for appellees.

BIRD, J. In April, 1915, defendant, through his agent, DeKeyzer, sold upon contract to plaintiffs a 40-acre farm in Ottawa county for the sum of $2,500. Prior to the purchase thereof plaintiffs were shown the farm by DeKeyzer. They appeared to be pleased with it and inclined to purchase, but hesitated because they were under contract to do janitor work for the Howe Military Academy until the following spring. To overcome this objection it is claimed DeKeyzer promised if they would purchase at that time he would rent the premises for them for one year for the sum of $150. This was agreed to and the deal was closed and a payment of $600 was made thereon, and later another payment followed of $300. In April, 1916, plaintiffs moved onto the premises, and, by the first of June, learned that the land was worthless, that a large part of it was blow-sand, in which no crops could be grown, and on the 21st day of June they moved off from the place, offered to surrender the contract to defendant and demanded a return of the payments made thereon, on the ground that they had been defrauded in that the soil did not measure up to the representations made to them by DeKeyzer. Defendant refused to ac-

quiesce in the rescission, and, in reply to their demand for a return of the moneys paid him, he replied that there was "nothing doing, that he would fight them to the last ditch." Soon thereafter the plaintiffs instituted this suit and during the progress of the trial the plaintiffs tendered to defendant a quitclaim deed of the premises. Plaintiffs recovered a judgment of $1,326.40.

Defendant discusses three questions:

(1) That there was no rescission prior to the commencement of this action, or offer to rescind, which would warrant a recovery in this action upon the theory of a rescission.

(2) That the court permitted evidence of items of damage, and submitted figures to the jury as items of damage, which were erroneous upon the theory of rescission.

(3) That Mr. DeKeyzer was not the agent of the defendant so as to charge him with liability for his representations because there was no written contract with him.

1. There is no difference of opinion between counsel over the rule that a vendee who has been defrauded in the purchase of land and desires to rescind must act promptly and place the vendor *in statu quo,* or offer to do so. And counsel for defendant does not contend that what plaintiffs did toward restoring the *status quo* would not have been sufficient had it been done in season and before the suit was brought, but he insists that plaintiffs were still in possession of the premises and had tendered no reconveyance when the suit was commenced, and that a tender of a quitclaim deed upon the trial was too late to satisfy the rule. It appears from the record that plaintiffs moved off from the farm and advised defendant of the fact and why they had done so. A few days later plaintiffs offered to surrender the contract and demanded a return of the payments made thereon. Following this a

suit was commenced by declaration and a notice of rescission accompanied the declaration. These acts clearly indicated an intention upon their part to rescind the contract. Counsel's point that the quitclaim deed was not tendered in season to be available is not well taken. The plaintiffs had no title; they had an unrecorded contract, which, if complied with, would eventually bring them the title. Where the contract is unrecorded no reconveyance is necessary. *Harding* v. *Olson,* 177 Ill. 288. When plaintiffs offered to surrender this and the possession of the premises, they did all they were required to do as a condition precedent to bringing suit. But even if further acts had been necessary in order to restore the *status quo,* defendant was in no position to insist upon them, after refusing to acquiesce in the rescission, and advising plaintiffs that "he would fight them to the last ditch." *Johnson* v. *Burnside,* 3 S. D. 230; *Ballard* v. *Lyons,* 114 Minn. 264; *Snyder* v. *Markham,* 172 Mich. 693.

2. After giving the jury some general instructions as to the measure of damages in the event they found plaintiffs entitled to recover, the trial court charged them as follows:

"If your verdict is for the plaintiffs, then they would be entitled to receive the $600 paid on the purchase price and interest from May 1, 1915, and also the sum of $314 paid on April 12, 1916, and interest, and also taxes amounting to $9.04; also freight amounting to $28.36, and a sum which would compensate him for the loss of wages during the time he stayed on the farm, together with interest at five per cent. from the time of the payments to date.

"I further charge you that if you find the promise of $150 rent made by Mr. DeKeyzer to Mr. Cox was one of the representations relied upon by the plaintiffs and was one of the inducements which led Mr. Cox to make the contract for the purchase of the farm at the time he did, then I charge you that item would be an element of damage."

Complaint is made of this charge as not stating the proper measure of damages. We agree with the trial court that plaintiffs were entitled to recover the payments and taxes with interest thereon from the time such payments were made, but the items of loss of wages and expenses of moving from Howe to the premises were not necessarily the direct result of defendant's wrongful act, therefore, no recovery could be had on account thereof, under the declaration. Whether such damages might be recovered as special damages, we need not inquire, as the declaration was not so framed as to permit a recovery on that theory. If plaintiffs were entitled to a return of the payments, with interest, they would not be entitled, in addition thereto, to the item of $150 as rental. To allow the rental value for the first year in addition to a return of the payments and interest thereon would place plaintiffs in a better position than they would have been in had the land been as represented.

3. It is the contention of counsel that DeKeyzer could not be shown to be the agent of defendant so as to charge him with liability for his misrepresentations to plaintiffs, because there was no written contract between him and the defendant. This point is rested upon Act No. 238, Pub. Acts 1913 (3 Comp. Laws 1915, § 11981), making void every agreement, promise or contract to pay any commission, etc., unless in writing. If this were a contest between DeKeyzer and the defendant wherein DeKeyzer was seeking to recover his commissions, the statute relied upon would be in point, but inasmuch as the contest is between the defendant and the purchaser over false representations which induced the purchase of the premises, we think the statute has no application.

As the record stands plaintiffs are entitled to recover the payments, taxes and interest. In order to avoid the expense and trouble of a retrial we have

concluded to affirm the judgment for those amounts provided plaintiffs will remit upon the record any sum in excess thereof. Defendant will recover costs in either event. In default of such reduction for 20 days the judgment will stand reversed with costs to defendant.

OSTRANDER, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.