CARPENTER, Respondent, vs. MASON and another, Appellants.

*May 5—June 5, 1923.*

*Vendor and purchaser: Rescission of contract because of vendor's fraud: Placing parties in statu quo: Damages: Expense of moving on land.*

1. In an action for the rescission of a contract, where the judgment grants the relief asked, the parties should be placed as nearly as possible *in statu quo,* which means, not that they themselves are to be restored to the situation existing before they entered into the contract, but that their rights in respect to the property forming the subject matter thereof shall be placed *in statu quo.*

2. In such a case a court of equity acts on the theory that the parties are to be restored and that each is to return to the other such benefits as have accrued to them under the contract, not damages for the breach thereof.

3. A nonresident purchasing land in Wisconsin is not entitled, on rescission for the seller's false representations, to recover the expenses of moving into the state, such expenses being an element of damages for breach of the contract which the purchaser disaffirmed and sought to rescind.

APPEAL from a judgment of the circuit court for Barron county: W. R. FOLEY, Circuit Judge. *Modified and affirmed.*

Rescission.   Prior to December 13, 1920, the plaintiff was a resident of Minnesota, and during that month came to Barron county, Wisconsin, in response to an advertisement inserted in the newspapers by the defendant *Tom O. Mason.* The defendant *Tom O. Mason* was a realtor, having offices in Minneapolis, Minnesota, and also at Cumberland and Shell Lake in Wisconsin.   The defendant *Edward M. Mason* was a brother of the defendant *Tom O. Mason,* employed by him as a land salesman.   It appears that the plaintiff went to the Shell Lake office and was taken by the defendant *Edward M. Mason* to view the forty-acre tract which was the subject of the controversy.   After viewing the land

the plaintiff and *Edward M. Mason* returned to Shell Lake, where a contract was entered into, by the terms of which the plaintiff was to purchase the forty acres in question for $1,500. The plaintiff paid $100 down and gave nine notes, amounting to $1,400, payable to *Tom O. Mason*. At the time of the making of the contract the defendants knew that the plaintiff would move from Faribault, Minnesota, to take possession of the land about April 1, 1921, the defendants having agreed to construct a house upon the premises and have it ready for occupancy on March 31st. The plaintiff paid the taxes assessed upon the land in question, amounting to $12.58.

The court found that the value of the land, including the house erected thereon, did not exceed $500. The court further found that the plaintiff was induced to enter into the contract by means of false representations made by the defendant *Edward M. Mason;* that the price was grossly excessive; and that the plaintiff was entitled to a rescission of the contract. Judgment was entered accordingly, and the plaintiff recovered the $100 payment with interest, $12.58 paid for taxes with interest, and the sum of $140 with interest from April 11, 1921, being the cost to plaintiff of moving from Faribault to Shell Lake. From the judgment so entered the defendants appeal.

*W. T. Doar* of New Richmond, for the appellants.

For the respondent there was a brief by *Fuller & Lampson* of Cumberland, and oral argument by *W. N. Fuller*.

ROSENBERRY, J. We shall not review in detail the evidence as to the misrepresentations. The price at which the land in question was sold was itself so grossly excessive as to indicate misconduct on the part of the defendants. The findings of the court are sustained by the evidence and no useful purpose will be served by a detailed review thereof.

As already indicated, this was an action for rescission. In an action for rescission where the judgment grants the

relief prayed for, the parties should be placed as nearly as possible *in statu quo*. This does not mean that the parties are to be restored to the situation which existed previous to their entering into the contract. It means that their rights in respect to the property which forms the subject matter of the suit are to be placed *in statu quo*. The plaintiff in this case has had the benefit of moving from Minnesota to Wisconsin. The contract did not require him to move from Minnesota to Wisconsin. There is nothing to indicate that he has returned or intends to return to Minnesota. If the plaintiff's theory is correct, the plaintiff would be entitled to recover not only the expense of moving to Wisconsin but the expense of returning to Minnesota, where he resided at the time the contract was entered into. The theory upon which a court of equity acts is that the parties are to be restored, and each of them is therefore to return to the other such benefits as have accrued to them under the contract. The defendants received nothing from the plaintiff excepting the $100 paid upon the purchase price and the taxes. To require them to restore more than they received would be to permit the plaintiff to recover damages for breach of the contract. The plaintiff does not affirm the contract but disaffirms it and seeks rescission. He may not do both. *Knudson v. George*, 157 Wis. 520, 147 N. W. 1003.

The moving expenses were improperly allowed, and the judgment will be modified by striking that item from the amount of the recovery, and as so modified the judgment is affirmed.

*By the Court.*—It is so ordered, the appellants to recover their costs in this court.