LINDEN and wife, Respondents, vs. SIMON and wife,
Appellants.

*February 6—March 6, 1928.*

*Vendor and purchaser: Rescission because of vendor's false repre-
sentations: Damages: Moving expenses.*

1. A finding in an action of rescission that the defendants falsely
   and fraudulently represented that a farm was free from stone
   which would in any way interfere with the tillage of the land
   is *held* supported by the evidence and to be a false represen-
   tation sufficient to warrant a rescission of the contract of pur-
   chase of the farm. p. 242.
2. On rescission of a contract for the sale of real property each
   party must return to the other that which he received, and
   the purchaser is not entitled to recover expenses incurred in
   moving, since the vendors were not benefited by such expen-
   ditures and to require repayment would compel them to pay
   damages for a breach of the contract. p. 242.

APPEAL from a judgment of the circuit court for Winne-
bago county: FRED BEGLINGER, Circuit Judge. *Modified
and affirmed.*

Action begun by *Oscar Linden* and wife on the 28th day
of November, 1925, against *Matt Simon* and wife to rescind
a contract for the purchase of a farm on the ground that
the sale was procured by false representations. From a
judgment for the plaintiffs entered January 10, 1927, this
appeal was taken.

For the appellants there was a brief by *Husting & Hust-
ing* of Fond du Lac, attorneys, and *John F. Kluwin* of Osh-
kosh, of counsel, and oral argument by *B. A. Husting.*

For the respondents there was a brief by *Reilly & O'Brien*
of Fond du Lac; and oral argument by *J. E. O'Brien.*

STEVENS, J.  (1) The finding that the defendants falsely
and fraudulently represented that the farm was free from
stone which would in any way interfere with the tillage
thereof is abundantly supported by the proof.  The evi-

dence upon this issue clearly presented a question of fact for the court. There is no question that such representation, if made, was false. The undisputed proof establishes the fact that there were two ridges of stone from ten to fifteen rods in width extending across the entire farm which did seriously interfere with the tillage of the land and with the growth of crops in dry seasons. These ridges were effectively concealed by soil which covered the stone to a depth of from three to seven inches at the time that the plaintiffs purchased the farm.

(2) These false representations as to the condition of the land are sufficient to warrant rescission, regardless of the question whether a false representation as to the cattle purchased with the farm would warrant such relief or would merely furnish the basis for an action for damages.

(3) The court erroneously allowed the plaintiff to recover the expenses incurred in moving from Chicago to the farm in Wisconsin and in returning to Chicago. Upon the rescission of a contract each party is obligated to return to the other that which he received under the contract. The defendants did not receive the money paid for moving, nor were they benefited by these expenditures made by the plaintiffs. To require the defendants to repay these expenses would be to compel them to return more than they received, —to compel them to pay damages for a breach of contract. The plaintiffs, who disaffirm and rescind the contract and receive back all that they gave to the defendants, cannot at the same time recover from the defendants damages for the breach of the rescinded contract. *Carpenter v. Mason*, 181 Wis. 114, 116, 193 N. W. 973.

*By the Court.*—Judgment modified by striking therefrom the sum of $341 and, as so modified, affirmed.