GERMAN BUNDESHEIM SOCIETY *v*. SCHMIDT.

1. PRINCIPAL AND AGENT — FRAUD OF AGENT IS CHARGEABLE TO PRINCIPAL—VENDOR AND PURCHASER.

Where the owners of land accepted and ratified the acts of one who acted as their agent in its sale, misrepresentation by him as to material facts relative thereto is chargeable to them.

2. VENDOR AND PURCHASER—FALSE REPRESENTATION MAY NOT BE RELIED UPON WHERE FALSITY KNOWN.

A contract for the sale of land may not be avoided because of an alleged false representation, the falsity of which was known to the party complaining before the transaction was closed.

3. SAME—LAND CONTRACT—RESCISSION—FRAUD RELIED ON MUST BE PROVED.

Relief from a contract for the purchase of land on which to erect a club house may not be granted on the theory that some of plaintiff's members were bribed or subsidized to favor said purchase, in the absence of proof to sustain same.

4. SAME—FRAUD—FINDING OF FRAUD JUSTIFIED BY RECORD.

In a suit for the rescission of a land contract on the ground of fraud, the finding of the court below that defendants falsely represented that they had been offered more for part of the land than they were asking plaintiff for the whole parcel, *held*, justified by the record.

5. SAME—FRAUD — MISREPRESENTATION AS TO OFFER A MATERIAL FACT.

A false representation by the agent of vendors that they had been offered more for part of the land than they were asking for the whole parcel was a falsification as to a material fact, and was more than a mere naked representation as to value.

6. SAME—EQUITABLE RELIEF WARRANTED WHERE MATERIAL FACT MISREPRESENTED.

Proof by the vendee in a land contract that it was in-

[1]Agency, 2 C. J. §§ 85, 541; [2]Vendor and Purchaser, 39 Cyc. p. 1263; [3]Cancellation of Instruments, 9 C. J. § 189; [4]Id., 9 C. J. § 195; [5]Vendor and Purchaser, 39 Cyc. p. 1271; 35 L. R. A. (N. S.) 186; L. R. A. 1916F, 782; 12 R. C. L. 283; 2 R. C. L. Supp. 1412.

duced to enter into the contract by the false representa-
tion by vendors' agent that they had been offered more
for part of the land than they were asking for the whole
parcel entitled it to equitable relief.

7. SAME—EQUITY—JURISDICTION — CANCELLATION OF INSTRUMENTS
—VENDEE'S LIEN.
   A suit by the vendee for the rescission of a land contract
   on the ground of fraud, and for a vendee's lien on the
   land was properly planted in equity, and is not open to
   the objection that it is solely for the recovery of a money
   judgment.

8. SAME—DEFRAUDED VENDEE MAY ASSERT LIEN.
   A defrauded vendee may assert and enforce a lien in equity.

9. APPEAL AND ERROR—ISSUE RAISED FOR FIRST TIME ON APPEAL.
   An issue raised for the first time on appeal may not be
   considered.

10. SAME — PLEADING — FACT ADMITTED BY PLEADING MAY NOT
    BE QUESTIONED ON APPEAL.
    Where defendants in their pleading admitted their con-
    tractual relations with plaintiff as a corporation, they may
    not raise the question, on appeal, that proof is lacking
    to show that plaintiff has become possessed of the rights
    of the unincorporated voluntary association with which
    they originally dealt.

11. COURT COMMISSIONERS—NO EQUITABLE JURISDICTION.
    Circuit court commissioners have no equitable jurisdiction.

12. JUDGMENT—RES ADJUDICATA—SUIT IN EQUITY NOT BARRED BY
    SUMMARY PROCEEDINGS WHERE RIGHT OF REDEMPTION EXISTED.
    A suit by the vendee for the rescission of a land contract
    on the ground of fraud and to enjoin summary proceed-
    ings before a circuit court commissioner, commenced while
    plaintiff still had a right to redeem from the commis-
    sioner's judgment, is not barred thereby, since there is
    no attempt to review or appeal from any issue adjudicated
    in such proceedings.

Appeal from Wayne; Sample (George W.), J., pre-
siding.      Submitted October 12, 1927.      (Docket No.

[7]Vendor and Purchaser, 39 Cyc. p. 1418; [8]Cancellation of In-
struments, 9 C. J. § 218; [9]Appeal and Error, 3 C. J. § 580; [10]Id.,
3 C. J. § 629; [11]Court Commissioners, 15 C. J. § 4; [12]Vendor
and Purchaser, 39 Cyc. p. 1885.

92.)     Resubmitted March 27, 1928.     Decided April 3, 1928.     Rehearing denied June 5, 1928.

Bill by the German Bundesheim Society against Elmer A. Schmidt and others to rescind a land contract on the ground of fraud, and to enjoin summary proceedings.     From a decree for plaintiff, defendants appeal.     Affirmed.

*Fred A. Lehmann,* for plaintiff.

*Charles C. Stewart* and *Louis Schneider,* for defendants.

NORTH, J.     The plaintiff herein entered into a contract with the defendants on the 22d day of October, 1925, to purchase from them a parcel of land on which to build a club house in the city of Detroit.     The purchase price was $27,000.     There was a down payment of $5,000 and the balance of the purchase price was to be paid on or before March 4, 1926.     Subsequent to making this contract there were additional payments which made total payments of $8,689.02. The vendee defaulted, summary proceedings were instituted before a circuit court commissioner and judgment rendered against the contract purchasers.     The time for an appeal expired; but, on the last day within which the vendee had a right to redeem, it caused this bill of complaint to be filed, making the vendors defendants.     The plaintiff alleges it was induced to purchase this property at an exorbitant price in consequence of false and fraudulent representations made to it by the defendants' agent.     There are two allegations of this character.     One is that the defendants' agent falsely and fraudulently represented to the plaintiff that the defendants had been offered $28,000 for 92 feet of the frontage of this property, the total of the same being 136 feet.     The other allegation is that the defendants' agent fraudulently represented to plain-

tiff that the defendants had been offered $35,000 for the whole property. There is a further allegation in the bill that the defendants, through their agent, offered to reward certain members of the plaintiff society if they would urge the purchase of this property by plaintiff; and that the members so approached did urge said purchase. It is also alleged that the plaintiff will lose the sum of $8,689.02 paid on said contract unless the plaintiff is decreed to have a lien on said lots for said sum and unless the defendants be enjoined from proceeding in the commissioner's court until this suit can be heard. The relief sought is:

(1) The recovery of said sum of $8,689.02.

(2) That the plaintiff be decreed a lien for that amount upon said premises.

(3) That the proceedings before the commissioner be stayed by injunction during the pendency of this suit.

The defendants denied each of the allegations of fraud. After a lengthy hearing in the circuit, a decree was entered by which the plaintiff was granted the relief sought. The defendants have appealed.

Christ Schmidt, the father of the defendants Elmer A. and Eric G. Schmidt, conducted the preliminary negotiations which finally resulted in the contract of sale entered into between these litigants. He and his two sons lived in the same household, and the sons were business associates of the defendant McCarthy. The facts in this case are such that Christ Schmidt must be held to have acted as the agent of the defendants, and if a misrepresentation relative to material facts was made by him, the same is chargeable to the defendants. They consummated the sale which he negotiated for them, and thereby accepted and ratified his acts as those of their agent.

Because the record discloses that, before the contract with the defendants was executed, the plaintiff knew of the falsity of the alleged misrepresentation

as to an offer of $35,000 or that the property in question had been sold for $35,000, the plaintiff is not entitled to relief on that ground.    A contract cannot be avoided because of an alleged false representation, the falsity of which was known to the party complaining before the transaction was closed.    *Raffel* v. *Epworth,* 107 Mich. 143.    Nor can the plaintiff be granted relief on the theory that some of its members were bribed or subsidized, because there is no proof to sustain this allegation.

There is a decided conflict in the testimony of the numerous witnesses as to whether the agent of the defendants did falsely represent to the plaintiff that the city of Detroit had offered $28,000 for 92 feet of the frontage of defendants' property.    The defendants admit that no such offer was made; but the issue is presented by their denial that there was any such misrepresentation.    Notwithstanding the testimony on this question is in conflict, the record abundantly justifies the finding of the circuit judge that the plaintiff's claim in this particular is established, and we accept his determination.    If the alleged false representation as to the city having offered the defendants $28,000 for this property was made by the defendants' agent to the plaintiff and was believed by it and in consequence thereof the plaintiff was induced to contract to purchase defendants' land at a decidedly exorbitant price, as was determined by the trial judge, clearly the plaintiff was defrauded.    The statement that the defendants had been offered $28,000 was more than "a mere naked representation as to value," as the appellants assert.    It was a falsification as to a material fact which the plaintiff has proven induced it to enter into the contract to purchase, and as such entitles it to equitable relief.    *Pratt* v. *Allegan Circuit Judge,* 177 Mich. 558.

The appellants claim this suit is solely for the recovery of a money judgment, and therefore is im-

properly planted in equity. This contention is not well founded. The appellee seeks to enforce a vendee's lien resulting from an alleged fraud of the vendors. This gives equity jurisdiction. *Witte* v. *Hobolth,* 224 Mich. 286. In contending that there can be no lien decreed against the property because the theory of the bill of complaint is that the contract was rendered invalid because of fraudulent representation, the appellants rely upon *Von Hoene* v. *Barber,* 215 Mich. 538, and *Mulheron* v. *Henry S. Koppin Co.,* 221 Mich. 187; but these cases in this respect have been overruled by *Witte* v. *Hobolth, supra,* which holds that a defrauded vendee may assert and enforce a lien in equity.

The appellants also assert that this suit should be dismissed because the appellee is a corporation, whereas the purchaser from the defendants was an unincorporated voluntary association of the same name, and there is no proof that the corporation is lawfully possessed of any right of action which may have accrued to the unincorporated association. This issue is raised for the first time by the defendants in this court and therefore cannot be considered. *Farr* v. *Childs,* 204 Mich. 19. In any event, it is without merit, because the defendants in their pleadings have admitted their contractual relations with the plaintiff as a corporation; and they brought summary proceedings against the corporation alleging it was in default in making the contract payments.

It is further argued in behalf of the appellants that the judgment in the circuit court commissioner's court was a bar to this suit in equity. This position is not tenable. The issues here under consideration are within the jurisdiction of the equity court. *Witte* v. *Hobolth, supra.* Circuit court commissioners have no equitable jurisdiction. *Puziol* v. *Kastle,* 231 Mich. 100. This suit was instituted by the plaintiff while it

still had a right of redemption in the property involved; and there is no attempt to review or appeal from any issue adjudicated by the circuit court commissioner and therefore this suit is not barred by the summary proceedings in the commissioner's court.

Consideration has been given to the other questions raised in the appellants' brief, and we have found them to be without merit.

The decree entered in the circuit court is affirmed, with costs to the appellee.

Fead, C. J., and Fellows, Wiest, Clark, McDonald, Potter, and Sharpe, JJ., concurred.