BEACOCK v. PEOPLES LUMBER CO.

1. VENDOR AND PURCHASER—RESCISSION—EQUITY—COURT DETERMINES TERMS OF RESCISSION.

Where facts pleaded and stipulated by parties lay foundation for exercise by court of equity of right to decree rescission of land contract, it was for court to determine terms and conditions under which rescission should be had.

2. SAME—STIPULATIONS.

In suit by vendees to rescind land contract and recover payments made, vendor's claim that if rescission is decreed additional testimony should be taken to determine value of real estate given by vendees as part payment is without merit, where stipulation between parties fixes its value.

3. SAME—RESCISSION—LIENS.

Upon rescission of land contract on ground of fraud, vendees are entitled to lien for money found to be due to them.

Appeal from Wayne; Parker (James S.), J., presiding. Submitted January 14, 1931. (Docket No. 140, Calendar No. 35,376.) Decided February 27, 1931. Rehearing denied June 1, 1931.

Bill by John Ivan Beacock and another against Peoples Lumber Company, a Michigan corporation, and another to rescind a land contract.

Assumpsit in Detroit Common Pleas Court by Peoples Lumber Company, a Michigan corporation, against John I. Beacock for payments due under the land contract. Judgment for defendant. Plaintiff appealed to the circuit court.

Bill by Peoples Lumber Company, a Michigan corporation, against John Ivan Beacock and another to foreclose the land contract.

By stipulation all three causes were consolidated. Decree for plaintiffs Beacock. Defendant Peoples Lumber Company appeals. Affirmed.

*Miller, Canfield, Paddock & Stone,* for plaintiffs.

*Samuel D. Frankel,* for defendant.

POTTER, J. September 10, 1929, John I. Beacock and Phyllis Beacock, his wife, purchased of the Fidler Construction Company, for an agreed price of $16,500, real estate described in a land contract on that date made between the parties; $2,000 in cash and property was paid down, the balance was to be paid at the rate of $135 a month. October 28, 1929, the Fidler Construction Company conveyed its interest in the premises and assigned its interest in the land contract to Peoples Lumber Company. Beacock and wife, claiming the house on the premises purchased was not as represented, refused to make further payments until the defects therein were remedied. January 2, 1930, Peoples Lumber Company sued John I. Beacock in the Detroit common pleas court to recover the instalments due on the contract November 15 and December 15, 1929. This case was tried, a verdict for defendant had, a motion for a new trial made and denied, and the

case appealed by plaintiff to the circuit court.   February 15, 1930, John I. Beacock and wife filed a bill to rescind the contract and recover the amount paid by them thereon.   February 18, 1930, Peoples Lumber Company filed a bill against John I. Beacock and wife to foreclose the land contract.   These cases all being in the circuit court, a stipulation in writing was made between the attorneys for the respective parties and filed, entitled in all of them, September 11, 1930.   This stipulation sets up that:

"By the terms of the contract the Beacocks agreed to pay $16,500, of which the down payment was $1,000 in cash and lot No. 1,582 of Arthur J. Scully's Eastern Super-highway No. 1, village of Lochmoor, Wayne county, Michigan, upon which lot the Beacocks owed a principal balance of $1,085.12 and had paid $800, in principal, interest and taxes, their vendee's interest being accepted by the Fidler Construction Company at a valuation of $1,000; down payment in the amount of $2,000 being shown by the contract.   This lot has a present cash value of $700; and if sold on time, a value of $1,000.   The balance upon the Fidler contract was payable in monthly installments of $135, payable on the 15th day of every month."

The Beacocks "discovered certain defects in the premises, as follows:

"1.   Defective piping and improperly constructed chimney made it impossible adequately to heat the house, it being impossible to heat certain rooms to more than 50 degrees Fahrenheit.   The result was suffering, illness of the Beacock children, and greatly increased expense for coal.

"2.   The plaster was cracked in many places about the house.

"3.   The weather stripping was improperly installed so that the house was draughty.

"4.   The floors were warped and uneven in many places.

"5. The iron railing in the front porch came loose and one of the front steps was broken.

"6. The concrete in the garage contained a large crack.

"7. The concrete side drive sank and receded from the house.

"8. The frigidaires were not paid for and repossession was threatened.

"9. One F. D. Hilgendorf filed a mechanic's lien upon the premises for $378, lien No. 51572.

"10. The Commercial Mortgage Company started proceedings to foreclose its second mortgage upon the premises.

"The Beacocks had been induced to enter into said land contract by representations of the Fidler Construction Company that the house was well constructed and in a sound and tenantable condition; that all installation and appliances, such as frigidaires, were fully paid for; that all laborers, materialmen, etc., upon the job had been duly paid; that the two mortgages upon the premises would be duly paid according to their terms. Immediately upon discovering the falsity of these representations, the Beacocks refused to make further payments upon the contract until the defects were rectified. The Peoples Lumber Company indicated a willingness to repair the piping in conjunction with the heating plant but demanded possession of the premises for three or four days in order to do this and a general release of all claims in respect to defects in the premises."

A decree was entered by the trial court in favor of the Beacocks. Peoples Lumber Company appeals.

Appellant claims rescission is discretionary with the court; it may be denied on the basis of facts arising subsequent to the filing of the bill; and if rescission is decreed, the Peoples Lumber Company

should be charged with the market value of the vacant lot equity as of September 10, 1929; that to determine such value it is necessary to take additional testimony and under no circumstances are plaintiffs entitled to a personal judgment against defendant and appellant.

The facts pleaded and stipulated lay the foundation for the exercise by a court of equity of its right to decree rescission. Nothing else is involved in the case. If rescission was granted, it was for the court to determine the terms and conditions under which such rescission should be had. The stipulation of the parties fixes the present cash value of the real estate given in payment by plaintiffs for the property in question. There is no doubt that upon rescission of a contract like that involved, plaintiffs are entitled to a lien for the money found to be due them. *Witte* v. *Hobolth,* 224 Mich. 286; *German Bundesheim Society* v. *Schmidt,* 242 Mich. 139; *Younger* v. *Caroselli,* 251 Mich. 533.

We find no error in the decree of the trial court, which is affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.