WILLIAM FRANKOWSKI, PLAINTIFF-RESPONDENT, v. LAWRENCE MOTOR CAR COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October 26, 1934—Decided January 10, 1935.

For the plaintiff-respondent, *Archie Josephson*.

For the defendant-appellant, *William Greenfield*.

The opinion of the court was delivered by

WELLS, J.   This is an appeal from a judgment entered upon the verdict of a jury in the Union County Circuit in favor of the plaintiff-respondent and against the defendant-appellant for the sum of $450 and a verdict of no cause of action on the counter-claim filed by the defendant-appellant against the plaintiff-respondent.

The complaint contained four counts, the first three of which were predicated upon fraud and deceit and the fourth

upon a breach of warranty, committed by the defendant corporation through its agent, in the sale of an automobile to the plaintiff.

Inasmuch as the plaintiff-respondent concedes the evidence adduced by him did not prove sufficiently strong to establish fraud and deceit, and that if it did, the defendant corporation could not be held liable for the unauthorized fraud of its agent, we need only consider the case as made out by the plaintiff under the fourth count of his complaint.

This alleged that on or about the 3d day of January, 1931, defendant sold to the plaintiff a Cord sedan automobile for the sum of $2,720 and warranted the same to be a new 1931 model, whereas it was not a new 1931 model but a second-hand repainted car.

The plaintiff sued to recover the difference between the price paid for the car as represented and the actual value of the car received. The defendant counter-claimed for the balance due on the purchase price.

The appellant sets down ten grounds of appeal.

The first, second, ninth and tenth complain of errors as to the admission or rejection of evidence without specifying the specific evidence complained of. We said in *Winfield* v. *Saunders*, 105 *N. J. L.* 580, that assignments of error, as grounds of appeal must be specific and definitely point out a ground of error. Blanket grounds of appeal are inadequate to raise any ruling of the trial court for review. They will, therefore, not be considered.

The seventh ground of appeal complains that the judgment rendered "was contrary to law." This points out no specific objection and gives no reason for reversing and it will, therefore, not be considered. *Halliwell* v. *Trans-States Finance Corp.*, 98 *N. J. L.* 133.

The eighth ground of appeal is that the verdict was contrary to the weight of evidence.

On appeals in civil causes at law, as here, the court is concerned only with correcting errors at law, and will not consider a ground of appeal that the verdict is against the weight of the evidence. *Runyon* v. *Monarch Accident Insurance Co.*, 108 *N. J. L.* 489.

The third and fourth grounds of appeal go to the court's refusal to nonsuit the plaintiff, and the fifth and sixth to the court's refusal to direct a verdict in favor of the defendant on the plaintiff's case and on defendant's counter-claim.

These are, therefore, the only questions properly before us for consideration and we shall deal with them together.

The testimony briefly was that plaintiff visited the business place of the defendant in Newark and was shown a Cord sedan automobile and that the salesman in charge of the defendant's show room stated in the presence of the sales manager that the car was a new Cord 1931 model. This is corroborated by the order signed by the plaintiff and the salesman of defendant, in which the defendant is requested to enter plaintiff's order "for a Cord—date 1931 Sedan, with Standard Equipment."

Testimony on the part of the plaintiff was that the Cord sedan was a 1930 model and a used car. Upon discovering that the car was not as it was represented to be, plaintiff went to defendant corporation and sought to have the car exchanged for a new 1931 model or to have the return of the $2,025 cash paid and the $695 note given by plaintiff to defendant, in payment of the purchase price of the car.

Upon defendant's refusal to comply with this request, plaintiff brought this action.

Defendant's argument in support of its contention that the trial court erred in refusing to grant its motion for a nonsuit and for a directed verdict is based on the theory that the plaintiff's case must succeed or fail on his ability to support a tort action of fraud and deceit, and he cites *Kennedy* v. *McKay*, 43 *N. J. L.* 288, and other cases of like import, to the effect that an innocent vendor cannot be sued in tort for the fraud of his agent in effecting a sale but that the aggrieved vendee has only two remedies, the first being rescission of the contract of sale and a reclamation of the money paid by him from the vendors, and the second, a suit against the agent, founded on the deceit.

With this plaintiff does not quarrel, but insists the evidence amply sustains the fourth count of his complaint which is based upon a breach of an express warranty.

Defendant argues that inasmuch as plaintiff did not return the car and sue for the return of the money paid, he cannot prevail on the count alleging a breach of the warranty.

The answer to this is that plaintiff is not claiming that the contract was rescinded because of the breach of the warranty but he has chosen to rely on section 69 of the Sales act (4 *Comp. Stat., p.* 4663), which gave him, as the buyer, the option to accept or keep the goods and maintain his action against the defendant, as the seller, for damages for the breach of the warranty. This was his privilege under the statute.

Defendant further insists that the testimony showed that plaintiff had his garage man inspect the car before purchasing it and did not rely on any statements made by the defendant's salesman.

Plaintiff denies this and offered testimony indicating that the garage man made no examination as to the age or model of the car.

The Sales act (4 *Comp. Stat., p.* 4650, § 12) provides that any affirmation of fact or any promise by the seller relating to the goods is an express warranty, if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon.

There was evidence that plaintiff relied on the statement of the defendant's salesman and that it induced him to purchase the car.

While it is true that a vendee cannot hold a principal liable on a theory of fraud and deceit for unauthorized warranties made by the agent, yet a principal, however innocent, may be liable for a breach of warranty made by his agent.

But—says defendant—there was no evidence showing that it had authorized the salesman to make any representations as to the age and model of the car.

Mr. Justice Trenchard, speaking for this court in *J. Wiss & Sons Co.* v. *H. G. Vogel Co.,* 86 *N. J. L.* 618, said that as between the principal and third persons, the principal is bound by the acts of the agent within the apparent authority

which he knowingly permits the agent to assume or which he holds the agent out to the public as possessing.

"The question in every such case," said Mr. Justice Trenchard, "is whether the principal has by his voluntary act, placed the agent in such a situation that a person of ordinary prudence, conversant with business usages and the nature of the particular business, is justified in presuming that such agent has authority to perform the particular act in question, and when the party relying upon such apparent authority presents evidence which would justify a finding in his favor, he is entitled to have the question submitted to the jury."

This seems to be directly applicable to the instant case. This court may well take judicial knowledge that salesmen, employed by corporations to show and to sell automobiles to potential buyers at their show rooms, are customarily authorized to represent to the public the model, age and other attributes of an automobile, which the ordinary buyer cannot be expected to know about upon a casual inspection of the car, and that buyers are entitled to rely upon representations made by such salesmen who have apparent authority to make them.

Courts have taken judicial knowledge that warranties are usual in the sale of certain goods and chattels, such as horses, farm machinery and the like; and the rule has been announced that a sales agent will be presumed to have authority to warrant in the absence of a restriction, known to the purchaser, or proof of a general custom or usage not to warrant. See *Annotation L. R. A.* 1916 C, 418 *et seq.*

We see no good reason why the law of warranties incident to the sale of horses and farm machinery for many years should not be applicable to-day to the warranties incident to the sale of automobiles.

Whether the salesman of the defendant in the instant case had implied authority to warrant the age and model of the automobile in question, was, to say the least, a question for the jury to decide.

We think that this question, together with the other matters in dispute, were properly submitted by the trial court to the jury for determination.

No trial error having been pointed out to us, or being apparent on the record, the judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.