86 P.2d 938

**THRAMS et ux. v. BLOCK et ux.**

No. 4391.

Supreme Court of New Mexico.

Dec. 14, 1938.

Rehearing Denied Feb. 7, 1939.

Ernest A. Polansky, W. A. Keleher, and Theo. E. Jones, all of Albuquerque, for appellants.

Wilson & Remley, of Albuquerque, for appellees.

BRICE, Justice.

This is an action to rescind a contract of sale and purchase of certain real and personal property for alleged fraudulent representations, and to recover certain special damages.

Each of the parties requested the court to make specified findings of fact and conclusions of law. The trial court wrote the words "Adopted" or "Refused" on each of the several requested findings and conclusions of the parties, to signify his adoption or rejection, but made no decision, as required by Sec. 105-813, N.M.Sts.Ann. 1929. See McDaniel v. Vaughn, 42 N.M. 422, 80 P.2d 417.

The parties treated the requested findings adopted by the court as a decision on the facts, and we will so consider them; but findings of fact and conclusions of law should comply with Sec. 105-813, Sts.1929, as construed in McDaniel v. Vaughn, supra.

From the requested findings of fact adopted by the court we take the following as material to a decision:

At all times material, prior to the 10th day of April, 1937, the defendants were the owners of the real and personal property involved in this suit; and prior to that date listed it for sale with real estate agents,

who, on the date mentioned, negotiated a sale of the property to plaintiffs at a price of $15,000. Of the purchase price, $2,127.33 was paid in cash upon the execution of the contract of sale and purchase.

In negotiating the sale the defendants' agent represented to the plaintiffs that during the summer months of the previous year the defendants "took in $1800 without any effort on their part" as income from the property. That the income for the winter months was about $125 monthly. These statements were false and fraudulent, and made for the purpose, and with the intent, of inducing plaintiffs to enter into the contract mentioned. Plaintiffs believed these representations to be true, relied thereon, and were induced thereby to enter into a contract to purchase the property, which was executed on April 10, 1937.

Plaintiffs moved their furniture to the premises, at a cost of $223.60, and received $510.63 in net rentals therefrom.

The defendants personally made no false representations to the plaintiffs regarding the property, authorized none; and at the time of the execution of the contract had no knowledge of their agent's false representations. The premises were inspected by the plaintiffs before purchase; at which time they interviewed defendants, but made no inquiries of them regarding rentals they had received from the property.

The court concluded that the contract should be rescinded; that the defendants be charged with the purchase money paid them with interest, and $223.60 moving expenses; and credited with the net income from the place; entered a decree canceling the contract, and providing that plaintiffs should recover accordingly.

Whatever may be the correct rule as to the right to recover the resulting damages from a principal, by one induced to purchase real estate through the unauthorized false representations of the vendor's agent, regarding which the courts are not in accord; they are in agreement in holding that such contract may be rescinded by the purchaser, though the principal was without knowledge of the agent's fraud and otherwise innocent of wrong doing. Baldwin v. Burrows, 47 N.Y. 199; Harriss v. Tams, 258 N.Y. 229, 179 N.E. 476; Crescent Ring Co. v. Travelers' Indemnity Co., 102 N.J.L. 85, 132 A. 106; Restatement of Law of Agency, Sec. 259 and comments; Restatement of Law of Restitution, Sec. 28-c; Speck v. Wylie, 1 Cal.2d 625, 36 P.2d 618, 95 A.L.R. 760 and annotations page 765 et seq.

The real property in question is an established mountain resort; the value of which depends largely upon the amount of income derived from renting cottages and boarding its patrons. The false representation of plaintiffs' agent regarding the amount of such income, relied on by plaintiffs, was a representation of a material fact; and authorized a rescission of the contract. Wilson v. Robinson, 21 N.M. 422, 155 P. 732, Ann.Cas.1918C, 49; Miller

v. Voorheis, 115 Mich. 356, 73 N.W. 383; Hecht v. Metzler, 14 Utah 408, 48 P. 37, 60 Am.St.Rep. 906; Mignault v. Goldman, 234 Mass. 205, 125 N.E. 189; 26 C.J., Frauds, sec. 105. See anno. 57 A.L.R. 111.

The district court did not err in decreeing that the contract should be rescinded; nor in decreeing that the defendants should return the consideration paid them, with interest, less the rental value of the property while in plaintiffs' possession. Gottwald et al. v. Weeks et al., 41 N.M. 18, 63 P.2d 537.

A number of questions have arisen regarding the recovery by plaintiffs of the expenses incurred by them in moving upon the property, which need not be decided in view of our conclusion that under the facts of this case such expenses are not recoverable. We need not decide, therefore, whether an innocent principal is responsible for damages occasioned by the false representations of his real estate broker employed to sell one parcel of land. It is a question about which courts are not in agreement. The following authorities hold that the principal is not liable: Light et al. v. Chandler Imp. Co., 33 Ariz. 101, 261 P. 969, 57 A.L.R. 107, 110; Harrigan v. Dodge et al., 216 Mass. 461, 103 N.E. 919; Friedman et al. v. New York Tel. Co., 256 N.Y. 392, 176 N.E. 543; Baker v. Clark, 14 Ala. App. 152, 68 So. 593; Ellison v. Stockton, 185 Iowa 979, 170 N.W. 435; Frankowski v. Lawrence, etc., Co., 114 N.J.L. 326, 176 A. 397; Chapin v. Kreps, 106 N.J.L. 424,

147 A. 398; Janeczko v. Manheimer, 7 Cir., 77 F.2d 205. Other authorities hold that a real estate broker, like any other special agent, binds his principal by false representations made within the apparent scope of his authority, when his actual authority is unknown to a purchaser dealing with him.

This is the rule adopted by the authors of Restatement Of The Law of Agency, and generally by authors of text books and encyclopedias. Rest., Agency, § 63(2) and Comment; 27 R.C.L., Vendor & Purchaser, § 118; 8 Am.Jur., Brokers, § 64.

Purdum v. Edwards, 155 Md. 178, 141 A. 550; German Bundesheim Society v. Schmidt, 242 Mich. 139, 218 N.W. 664; Rush v. Leavitt et al., 99 Kan. 498, 162 P. 310; Wimple v. Patterson, Tex.Civ.App., 117 S.W. 1034; Mitchell v. Coleman, 127 Ark. 373, 192 S.W. 231; and generally see annotations in L.R.A.1917F, p. 962 et seq., and 57 A.L.R. 111, et seq.

But if the seller refuses to rescind it is held by some authorities that he adopts as his own the fraud of his agent. Harrigan v. Dodge, supra; Light v. Chandler Imp. Co., supra; Gower et al. v. Wieser et al., 269 Mich. 6, 256 N.W. 603; Merry Realty Co. v. Shamokin, etc., Co., 230 N.Y. 316, 130 N.E. 306; Rest., Agency, § 99 and Comment.

The plaintiffs had the choice of one of several remedies upon discovery of the fraud which the court found induced them to enter into the contract. (1) They could have declared a rescission and have sued at

law to recover that part of the consideration parted with; (2) or have sued at law to recover the damages sustained, which were the natural and proximate consequence of the fraud; (3) or have sued to rescind the contract and for the restoration of the status quo ante; Vail v. Reynolds, 118 N.Y. 297, 23 N.E. 301; or, lastly, they could have recouped for damages in an action by defendants upon the purchase money obligation. State Trust & Sav. Bank v. Hermosa Land & Cattle Co., 30 N.M. 566, 240 P. 469; Byers v. Brisley, 81 Okl. 215, 198 P. 90.

■ They elected to rescind the contract. This remedy is bottomed upon the assumption that the contract does not exist, and is inconsistent with an action for fraud and deceit, which affirms the existence of the contract. The selection of the remedy of rescission was a waiver of the right to recover damages in an action at law for fraud and deceit unless the right to recover special damage is not lost thereby; another question regarding which the courts are not in agreement and which we need not decide. Merry Realty Co. v. Shamokin, etc., Co. supra; Williston on Contracts, §§ 1464 and 1528; American Pure Food Co. v. Elliott & Co., 151 N.C. 393, 66 S.E. 451, 31 L.R.A.,N.S., 910; Fields v. Brown et al., 160 N.C. 295, 76 S.E. 8; Free Sewing Machine Co. v. Atkin Furniture Co., Tex.Civ. App., 71 S.W.2d 604; Dolan v. Newberry et al., 200 Iowa 511, 202 N.W. 545, 205 N. W. 205; Holland v. Western Bank &

Trust Co., 56 Tex.Civ.App. 324, 118 S.W. 218, 119 S.W. 694.

Also see annotation in 31 L.R.A.,N.S., 910; 66 C.J. title Vendor & Purchaser, secs. 504 and 508.

The last question is whether the damages incurred in moving are recoverable. Courts are divided on this question. City of Winona v. Botzet, 8 Cir., 169 F. 321, 23 L.R.A.,N.S., 204; Ohio Valley Trust Co. v. Allison, 243 Pa. 201, 89 A. 1132; 45 C.J. title Negligence, Sec. 481; 66 C.J. title Vendor & Purchaser, Secs. 508 and 1632; Stocks v. Boulton, 5 Ontario W. R. 93; Neely et ux. v. Rembert, 71 Ark. 91, 71 S. W. 259; Cox et ux. v. Holkeboer, 200 Mich. 86, 166 N.W. 1004; Carpenter v. Mason et al., 181 Wis. 114, 193 N.W. 973. From the view we take of the evidence, a decision of the question is unnecessary. It is suggested that this expense is not the natural and proximate result of the fraud; that the property could have been purchased for lease, operation through an agent; or, as the property was sold with its furnishings, the plaintiff might have moved in and operated the property without the necessity of additional furnishings. That for these reasons such damage is too remote to be the basis of a recovery. If recoverable under any circumstances (a question we do not decide) the defendants or their authorized agent, from their or his position must have, or should have, contemplated that the incurring of such expense would be the probable consequence of the fraud.

Smith v. Bolles, 132 U.S. 125, 10 S.Ct. 391, 33 L.Ed. 279.

■ Did the defendants know, or should they under the circumstances have known, that plaintiffs probably would ship new furniture from California to be used in the operation of this property? We find no evidence of it. The property was furnished and operated as a going concern. The plaintiffs may have intended to lease the property or operate it by employees. The most reasonable inference, in the absence of positive testimony, is that it would be operated by plaintiffs in its then condition. In any event, defendants could not be charged with the knowledge that plaintiffs, upon purchase of the property, probably would ship furniture from California at great expense. The damage was too remote to support a recovery.

If the plaintiffs will file a remittitur in this court in the sum of $223.60, the amount allowed as expenses of moving onto the property, the decree of the district court will be affirmed for the balance of $1,697.-30; otherwise the cause will be reversed and remanded, with instructions to the district court to set aside his decree and enter another fixing plaintiffs damages at $1,697.-30.

It is so ordered.

HUDSPETH, C. J., and SADLER, J., concur.

BICKLEY and ZINN, JJ., did not participate.