ABRAHAM FRIEDMAN et al., Respondents, v. NEW YORK TELEPHONE COMPANY, Appellant.

(Argued May 13, 1931; decided June 2, 1931.)

*Irving W. Young, Jr., N. H. Egleston, Edward F. Snydstrup* and *Charles T. Russell* for appellant. It is the duty of a party dealing with a real estate broker to ascertain and know the extent of the broker's authority and if he omits to do so, it is at his peril and he has no redress against the vendor for acts of the broker exceeding the authority as it exists in fact. (*Dudley* v. *Perkins,* 235 N. Y. 448; *Matter of Lane* v. *Lane,* 229 App. Div. 50; *Deyo* v. *Hudson,* 225 N. Y. 602; *Stone* v. *U. S. Title Guaranty & Ind. Co.,* 159 App. Div. 678; 217 N. Y. 656; *Martin* v. *Farnsworth,* 49 N. Y. 555; *Molloy* v. *Whitehall Portland Cement Co.,* 116 App. Div. 839; *Smith* v. *Tracy,* 36 N. Y. 79; *Lansing* v. *Coleman,* 58 Barb. 611.)

*Joseph A. McCabe* for respondent. The defendant is liable for the torts of his agent. (2 C. J. § 536; *Bennett* v. *Judson,* 21 N. Y. 238; *Ahern* v. *Goodspeed,* 72 N. Y. 108; *Jarvis* v. *Manhattan Beach Co.,* 148 N. Y. 652.)

POUND, J. Plaintiffs, as purchasers of real estate in Poughkeepsie, N. Y., brought action against the defendant, the vendor, to recover damages for fraudulent representations made to them by the vendor's broker at the time of the purchase, concerning the condition of the heating and plumbing system of the building. No doubt arises as to the nature of the broker's employment. He was, in writing, " authorized to enter into negotiations with prospective purchasers for the sale of our property located at #9 Cannon St. in the City of Poughkeepsie, N. Y." The broker had no authority to sell and convey the land and the contract of sale was in fact executed by plaintiffs and defendant themselves.

The question is whether the misrepresentations were incidental to the business with which the broker was intrusted; whether the wrongful act was in the real or

apparent course of the employment; in the line of duty or outside of it and foreign to its purpose. (*Mulligan* v. *N. Y. & R. B. Ry. Co.*, 129 N. Y. 506; *Jarvis* v. *Manhattan Beach Co.*, 148 N. Y. 652.)

When the agent misconducts himself " in *the course of his employment* " his acts are the acts of the principal, who must answer for them whether he authorized them or not. Otherwise the principal is not held. (*Mott* v. *Consumers' Ice Co.*, 73 N. Y. 543.) The proper application of this rule may depend upon questions of fact and may vary with the circumstances of each case. Thus it may appear that a real estate broker was also an agent to sell and convey (*Fairchild* v. *McMahon*, 139 N. Y. 290, 294, 295), or that there was such a community of interest and action between employer and broker as to enlarge the scope of the employment of the broker. (*Krumm* v. *Beach*, 96 N. Y. 398, 405.) It is not, however, under ordinary conditions a natural incident of the employment of a real estate broker, authorized only to enter into negotiations with prospective purchasers, for him to represent that the heating and plumbing in a building are in good order, water shut off and pipes drained.

A principal is liable for false representations of a selling agent in respect to the land (*Bennett* v. *Judson*, 21 N. Y. 238) because he has the authority, real or apparent, to bind his principal by a formal contract. (*Haydock* v. *Stow*, 40 N. Y. 363, 368.)

A real estate broker has no general authority as such to make a sale or a binding contract of sale. (*Stone* v. *U. S. Title Guaranty & Indemnity Co.*, 159 App. Div. 679, 683; affd., 217 N. Y. 656.)

The employment of one as a broker " to enter into negotiations with prospective purchasers " carries with it no general incidental powers to make representations as to the condition of the heating and plumbing system of the property. The purchaser is, therefore, bound to know the extent of the broker's powers. (*Martin* v.

*Farnsworth,* 49 N. Y. 555, 558; *Dudley* v. *Perkins,* 235 N. Y. 448.)

A real estate broker, as such, is sent out as a mere negotiator. He brings the parties together. Having done this his task is completed. (*Lansing* v. *Coleman,* 58 Barb. 611.) The deal must be consummated by the principals. It follows that if such a broker, in his zeal and to carry out his own purposes, makes false representations as to the condition of the property, the principal is not bound thereby.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Orders reversed, etc.