LEAH FELITON, Plaintiff, *v.* CLYDE CHISMORE et al., Individually and Doing Business as CHISMORE REAL ESTATE COMPANY, et al., Defendants.

Municipal Court of the City of Syracuse, March 8, 1949.

*Irving H. Lessen* for plaintiff.

*Saul H. Alderman* for Clyde Chismore and another, defendants.

*Joseph L. Petrunick* for Lucille L. Myers, defendant.

ABELSON, J. This is an action brought by the plaintiff against the defendants Clyde Chismore and Lillian Okun, individually and doing business as Chismore Real Estate Company, and Lucille L. Myers to recover the sum of $500 paid by the plaintiff to a representative of the defendant realty company. It appears that the defendant Lucille L. Myers was the owner of the premises known as 2206 Court Street, Syracuse, New York, and that on the 8th day of November, 1947, the plaintiff and the defendant Myers entered into a contract whereby the plaintiff agreed to buy and the defendant Myers agreed to sell the aforesaid premises. The plaintiff at the time of signing of the contract paid to a representative of the defendant realty company the sum of $500 as a down payment. It is the claim of the plaintiff that at the time of execution of said contract the defendant realty company by its representative stated that the premises were in a good condition. The plaintiff sets forth two causes of action, one based upon damages for fraud and the other based on the theory of rescission and seeks the return of the down payment, namely the sum of $500.

The plaintiff testified that she was shown the premises by one Esce who was employed by the defendant realty company as a salesman. She claims that it was about 4:00 P.M. in the afternoon and that she was shown throughout the premises including the attic; that the attic was dark and that she was unable to see it in detail. The plaintiff further claims that relying on

the representation of Mr. Esce that the premises were in good condition she signed the contract. About two or three weeks later she alleges that she examined the attic and ascertained that sometime previous there had been a fire in the attic and that the " beams were burned and charred and that a piece of linoleum was on the attic floor covering a part of the floor which had been burned ". No other evidence was given upon behalf of the plaintiff as to the condition of the attic. There is nothing in the evidence to show how badly or to what extent the beams had been damaged nor was there any evidence as to when the fire occurred. The owner of the property, Mrs. Myers, one of the defendants testified that she had owned the property for a period of some two years and was unaware of the condition of the attic and that the fire must have happened some time before she acquired title to the property. She further testified that there were two dormer windows in the attic, one at each end, each containing two windows. It further appears that there was a light at the top of the stairway leading to the attic. Plaintiff relies wholly upon the representation that the attic and premises were in good condition. The salesman Mr. Esce testified that he made no such representation. He denied stating that he represented to the plaintiff that the premises were in good condition. He states that he together with the plaintiff examined the entire premises including the cellar, the apartments and the attic. A sharp question of fact therefore exists as to whether or not the representation alleged to have been made to the plaintiff was made by a representative of the defendants.

So far as the cause of action for fraud against the defendant it has been held that where the property sold was at the time of the sale obvious to ordinary intelligence that it was open for inspection and that both vendor and purchaser had actual knowledge or actual means of acquiring information, that nothing was said or done by the vendor to throw the purchaser off his guard or to divert him from making inquiries and the examination which a prudent man ought to make and that he omitted to make them or to avail himself of the means and opportunities at his hand relying upon false representations of the vendor he cannot sustain an action for fraud. (*Long* v. *Warren,* 68 N. Y. 426.)

The cause of action against the defendant Myers must be dismissed inasmuch as a real estate broker has no such general authority to make a sale or a binding contract of sale. He is a mere negotiator to bring the parties together and his employ-

ment carries with it no general incidental powers to make representations as to the condition of the property. (*Friedman* v. *New York Tel. Co.* 256 N. Y. 392.)

In regard to the other cause of action based upon the theory of rescission, in order to maintain that theory it is essential to prove that a material misrepresentation was made. The only evidence in this case as to the representation was the testimony of the plaintiff that the beams were burned or charred and that there was a piece of linoleum covering a portion of the floor. In my opinion this condition was not a substantial damage which would be covered by the representation, if any, made by the representative of the defendant Chismore Real Estate Company. The witness Esce denies making any such representation as claimed by the plaintiff. There is nothing in the evidence to show that the premises were not in good condition. The mere fact that some of the beams in the attic were burned or charred without any further evidence as to whether or not the structural condition of the building was affected in any way, shape or manner is not sufficient to sustain a verdict for the plaintiff.

I therefore find for the defendants, "No cause of Action."