RICHARD G. LAMBERT et al., Plaintiffs, *v.* JOHN W. PRATT et al., Defendants and Third-Party Plaintiffs-Respondents. RUSSELL C. TERRY, Third-Party Defendant-Appellant.

Third Department, August 1, 1961.

*Deyo, Turnbull, Turner & Normile* for plaintiffs.

*Travis & Whiting* for third-party defendant-appellant.

*Hackett, Harbachuk & Thomas* for defendants and third-party plaintiffs-respondents.

HERLIHY, J.   The plaintiffs, purchasers of a parcel of real property, sued the defendants, sellers of the real property, for fraud in their description of the dimensions of the property. It was represented that the property was 145 feet on the street and included some wooded area while in fact it was only 79 feet on the street and did not include the wooded area.

The third-party defendant, the seller's real estate agent, contends that the third-party complaint should be dismissed as there is no right to implead a third party who has not contracted to indemnify the one sued; and, at most, the relationship alleged is that of joint tort-feasors and the plaintiffs having elected to sue the defendants alone, the defendants cannot implead the third-party defendant.

The action is somewhat unique as the charge is fraud and not negligence, which is the usual basis for third-party proceedings.

In order to determine the rights of the respective parties, it is necessary and essential to examine the original or primary complaint which controls the rights of the original parties and the proof adduceable thereunder.   The said complaint stated that the defendant Pratt, while the plaintiffs were inspecting the property, pointed out the property lines which it is alleged were inaccurate; that plaintiffs relied upon such misrepresentations and were deceived thereby.   It is claimed the third-party defendant, a real estate broker, showed them a newspaper advertisement of the property which referred to " woods on a large tract ".   The " Twenty-first " paragraph concluded the complaint by alleging that by reason of the false and fraudulent acts and statements of the defendants " in conjunction with the acts of their said agent, Russell C. Terry, [third-party defendant] upon which the Plaintiffs relied " that they were damaged.

Special Term was of the opinion that the liability, if any, of the defendant Pratt was under the doctrine of *respondeat superior* for the fraudulent statements of the real estate agent and that the question of joint tort-feasors was for the jury. While it is doubtful the principal-agent relationship even existed (see *Friedman* v. *New York Tel. Co.*, 256 N. Y. 392), in the particular incidents complained of as set forth on the face of the original or primary complaint, such a relationship becomes immaterial since the conclusion is inescapable that the relationship between the defendants and third-party defendant was that of joint tort-feasors and as a consequence there is no basis for impleading. (See *Putvin* v. *Buffalo Elec. Co.*, 5 N Y 2d 447.)

The complaint allows no basis for any active or passive relationship but rather states explicitly an active participation by both the owners and agent in the alleged fraud. There is likewise no allegation in the complaint sufficient to establish an indemnification agreement, assuming such were possible, between the owners and agent.

If fraud were committed in this case, under the pleadings the defendants were active participants. Their liability, if established, is not of a vicarious authority or power and the theory of *respondeat superior*, because of any principal-agent relationship, is therefore not applicable. There has not been demonstrated in this case a right by the defendants to be indemnified by the third-party defendant under any theory.

The order should be reversed and the third-party complaint dismissed.

BERGAN, P. J., REYNOLDS and TAYLOR, JJ., concur.

Order reversed and third-party complaint dismissed, with $10 costs.