■ JOHN V. CHAMBERLAIN et al., Appellants, v. RAYMOND J. HAZZARD et al., Respondents.— Appeal from a judgment of the Supreme Court at a Trial Term, entered June 3, 1970 in Fulton County, upon a decision of the court, without a jury. Florence Purvis owned and occupied a summer cottage which was located upon a large tract of land on the shores of East Caroga Lake in Fulton County. Sometime prior to 1959, she arranged for that large parcel to be subdivided into smaller lots and, during that year, she began selling those lots. Appellants are the owners of a number of those lots, having purchased same from Mrs. Purvis at various times between October, 1959 and June, 1963. The large tract which was subdivided by Mrs. Purvis had only a limited amount of shore frontage on East Caroga Lake and consequently many of the lots within the subdivsiion, including those owned by appellants, had no lake frontage. Each of the deeds given by Mrs. Purvis to the plaintiffs contained the following easement quoted herein, in pertinent part: " The party of the first part [Purvis] also grants to the parties of the second part [grantees] the privilege of using the beach next east of the camp now owned and occupied by the party of the first part for swimming and boating, but such right is to be enjoyed in common with others ". Mrs. Purvis retained her summer cottage which after the subdivision arrangement was situated upon a parcel of land which faced directly onto the beach and the lake front, and which parcel was referred to in some instances in the record and papers herein as the " Purvis camp property ". In September, 1964, she conveyed this parcel to the defendants. Included within the deed given by her to the defendants was an easement identical to that contained in the plaintiffs' deeds and quoted above. Subsequently, the defendants constructed a stone wall, a dock and a fence along their easterly boundary line along the beach, thus precipitating this action which was thereafter instituted by the plaintiffs. In issue in this litigation is the extent and location of plaintiffs' easements. Especially crucial is the exact location of the westerly boundary of those easements. The trial court correctly concluded that the easements in question were ambiguous and that construction thereof was necessary. In attempting to construe them and to ascertain the intention of the parties thereto, the court properly took into consideration the surrounding circumstances, the situation of the parties and a number of other related factors which are set forth in its opinion (Loch Sheldrake Assoc. v. Evans, 306 N. Y. 297). Upon the basis of all of the evidence presented, the trial court did arrive at a construction of the easements in question, namely, that the easements entitled plaintiffs to use only that portion of the beach located to the east of the southeasterly boundary line of the defendants' premises. That determination was essentially factual in nature and within its fact-finding province. Upon review, it is apparent that the court's interpretation was a reasonable one and is amply supported by the evidence. Plaintiffs place a great deal of reliance upon a representation as to the location and extent of the disputed easements allegedly made by the real estate broker common to all of their transactions with Mrs. Purvis. Plaintiffs regard the alleged representation as determinative of the issue herein and fully binding upon Mrs. Purvis and the defendants. While it is true that, under certain circumstances, the representation of a real estate agent can bind his principal (see Friedman v. New York Tel. Co., 256 N. Y. 392; Beatty v. Ireland, 152 App. Div. 588), the rule is particularly inapplicable here inasmuch as the court chose to lend greater credence to the agent's testimony than to that of the plaintiffs, thereby effectively negating the alleged representation relied upon by the plaintiffs. In essence the decision as to credibility was a factual one and absent compelling considerations to the contrary,

not demonstrated here, will be affirmed upon appeal. In none of the contentions advanced by the plaintiffs can we find any reason to disturb that determination. Judgment affirmed, with costs. Reynolds, J. P., Aulisi, Staley, Jr., Cooke and Simons, JJ., concur.