■ Morris Bichoupan, Plaintiff, v Robert Bichoupan, Defendant, Jack J. Infranca, Inc., Sued Herein as Jack J. Infranca, Defendant and Third-Party Plaintiff-Appellant. Estate of Josephine Giecewicz et al., Third-Party Defendants-Respondents. [675 NYS2d 877] —In an action, *inter alia,* to recover damages for fraud relating to the sale of real property, the defendant third-party plaintiff appeals, as limited by its

brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated June 10, 1997, as granted the motion of the third-party defendants to dismiss the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleges that he purchased the subject property believing it to be a legal four-family residence only to subsequently discover that it could not be used as such. The plaintiff further alleges that the defendant and third-party plaintiff, Jack J. Infranca, Inc., the broker involved in the sale, made false representations concerning the legal status of the property. The broker commenced a third-party action against the seller for indemnification asserting that the seller represented the property to be a legal four-family dwelling in the listing agreement.

The third-party complaint was properly dismissed. The seller made no representation in the contract of sale concerning the status of the property and did not authorize the broker to make any such representation with respect to the property. Further, the purchaser agreed to accept the property "as is". It is well settled that the employment of one as a real estate broker to enter into negotiations with prospective purchasers, as in the instant case, carries with it no incidental powers to make representations as to the condition of the property or otherwise bind his employer by such representations (*see, Friedman v New York Tel. Co.*, 256 NY 392, 394). Santucci, J. P., Joy, Florio and McGinity, JJ., concur.